# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY OSUCHA

                       Plaintiff,

vs.                                                        **DECLARATION**

ALDEN STATE BANK,                      Civ. No.: 1:17-CV-01026-LJV-HBS
RICHARD D. KOELBL,
JOHN KOELBL

                       Defendants.
_____

       JOSEPHINE A. GRECO, Esq., declares under the penalty of perjury under the laws of the United States of America that the following is true and correct:

       1.      I am a member of the law firm of Greco Trapp, PLLC, attorneys for Plaintiff, Ashley Osucha (hereinafter "Plaintiff") in the above action.  As such, I am familiar with the factual and procedural history of this action, and this Declaration is based upon that knowledge.

       2.      I make this Declaration in support of Plaintiff's motion pursuant to FED. R. CIV. P. 37(a) seeking and Order compelling Defendants, Alden State Bank, Richard D. Koelbl, and John Koelbl (collectively "Defendants"), to respond fully to Plaintiff's First Request for Production of Documents to Defendants and to Plaintiff's First Set of Interrogatories Directed to Defendants.

### **Background**

       3.      On or about October 2, 2018, Plaintiff served Plaintiff's First Request for Production of Documents to Defendants and Plaintiff's First Set of Interrogatories Directed to Defendants.   True and correct copies are attached hereto as **Exhibits A and B**, respectively.

       4.      On or about December 3, 2018, Defendants served Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Responses to Plaintiff's

First Set of Interrogatories.   True and correct copies are attached hereto without documents as **Exhibits C and D**, respectively.

5.    However, Defendants' Responses to Plaintiff's First Request for Production of Documents included over 2,300 pages of documents with no Bates stamping.   At Plaintiff's request, Defendants, on or about December 12, 2018, served a First Amendment to Defendants' Responses to Plaintiff's First Request for Production of Documents, which placed Bates stamping on Defendants' document production.   A true and correct copy is attached without documents as **Exhibit E**.

6.    Plaintiff reviewed Defendants' First Amendment to Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Responses to Plaintiff's First Set of Interrogatories and determined they were substantially incomplete and that Defendants had withheld numerous documents without legal basis.

7.    In a good faith effort to resolve these issues, on February 26, 2019, Plaintiff wrote to Defendants and requested full and complete responses to Plaintiff's First Request for Production of Documents to Defendants and Plaintiff's First Set of Interrogatories Directed to Defendants. A true and correct copy of Plaintiff's good faith letter is attached as **Exhibit F**.   Plaintiff's good faith letter provided detailed legal and factual support regarding her position on each discrete issue.

8.    In a letter dated April 1, 2019, Defendants responded to Plaintiff's good faith letter with respect to Plaintiff's First Set of Interrogatories Directed to Defendants only.   A true and correct copy of Defendants' letter is attached as **Exhibit G**.

9.    In a letter dated May 1, 2019, Defendants responded to Plaintiff's good faith letter with respect to Plaintiff's First Request for Production of Documents to Defendants, producing very limited additional documents.   A true and correct copy of Defendants' letter is attached

without documents as **Exhibit H**.

10.     With a letter dated May 31, 2019, Defendants supplemented their response and provided some additional documents as well as an affidavit from Hilde Neubauer, Esq., Alden State Bank's Vice President/Compliance Officer/General Counsel, swearing that Defendants had no documents or further documents responsive to a number of Plaintiff's requests (hereinafter "Neubauer Affidavit").   True and correct copies are attached without documents as **Exhibits I and J**, respectively.   Defendants did not provide an affidavit from either individually-named defendant, i.e., Richard D. Koelbl and John Koelbl.

**Defendants' Frequent Objections are Without Merit**

11.     Defendants, in failing to fully respond to most requests made in Plaintiff's First Request for Production of Documents to Defendants, regularly raised the same baseless objections. Additionally, in violation of FED. R. CIV. P. 34(b)(2)(C), none of Defendants' objections "state whether any responsive materials are being withheld on the basis of that objection."

12.     In response to Plaintiff's Request Nos. 1, 3, 4, 7, 8, 9, 15, 18, 22, 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 48, 49, 50, and 52, Defendants raised boilerplate objections, without elaboration or explanation, that Plaintiff's requests are excessively broad, overreaching, unduly burdensome, and seeking irrelevant documents.   Defendants' objections on these grounds are without basis and are simple, boilerplate objections, with no specificity to the particular documents sought.   These objections should be rejected because generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable, and are insufficient to resist production.   Moreover, Defendants cannot resist production simply by contending that compliance would be burdensome; Defendants have stated no specific or particular burden with respect to any of Plaintiff's requests.   Additionally, Plaintiff's requests have a proper

temporal scope that reflects Plaintiff's investigation that determined that individually-named defendants, Richard D. Koelbl and John Koelbl, had sexually harassed multiple women over an extensive period of time while they held executive, decision-making positions at Alden State Bank. *See* Memorandum of Law at 3.

13.     In response to Plaintiff's Request Nos. 4, 18, 19, 22, 24, 25, 35, 37, 38, 39, 40, 41, 42, 44, 45, 46, and 50, Defendants raised objections that Plaintiff's requests seek confidential and/or proprietary information.   Defendants' objections are without merit, given that the Court has approved the parties' confidentiality agreement.   *See* Dkt. 25.   Additionally, Defendants have made no showing that any of the documents that Plaintiff seeks—which are nothing more than run-of-the-mill employee benefit records or documents directly at issue in this litigation—are proprietary under the Second Circuit's six-factor test.   The relevant factors being:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

Even assuming that records fell within the scope of "proprietary," Defendants still fail to demonstrate that the records are immune from production, given that the party seeking to resist disclosure must show that disclosure would trigger a "clearly defined and very serious" harm.   *See* Memorandum of Law at 3-4.

### **Plaintiff Intends to Seek a Destruction of Evidence Inference Based on Defendants' Representation That Neither Alden State Bank nor Counsel has Documents Related to Alden State Bank's Investigation**

14.     Defendants' investigation into Alden State Bank employees' complaints of discrimination and hostile work environment are integral to Plaintiff's claims of discrimination,

hostile work environment, and retaliation, and an employment discrimination plaintiff is entitled

to production of documents related to her own and others' complaints.   *See* Memorandum of Law

at 4-7.   Defendants' investigation is especially relevant here, where Plaintiff's complaints initiated

the investigation, and Plaintiff's allegations involve Richard D. Koelbl and John Koelbl—both

individually-named defendants—who, at the time, held the two highest-level executive positions

at Alden State Bank.

15.     All documents related to Defendants' investigation are relevant and discoverable,

and Defendants have no basis to claim attorney-client or work product privileges with respect to

investigation-related documents, including those generated in conjunction with or by Hodgson

Russ, LLP.   First, Defendants' Answer put the reasonableness of Defendants' investigation

directly at issue in this litigation by raising the *Faragher/Ellerth* affirmative defense (*see* Dkt. 9 ¶

44); thus, Defendants waived any work product protection or attorney-client privilege with respect

to outside counsel's investigation of employees' claims.   *See* Memorandum of Law at 4-7.

Second, insofar as any law firm or entity acted in a fact-gathering capacity in conducting an

investigation on Defendants' behalf, any and all documents related to the fact investigation and its

outcome are not protected by attorney-client privilege.   Additionally, Defendants cannot object to

production by contending that documents are not in their physical possession, when the responsive

documents are in possession of their attorneys.   It is undisputed that documents held by counsel

are in the possession, custody, and control of the client(s).   And it is improper for Defendants to

attempt to claim privilege with respect to nonprivileged documents solely by placing the

documents in the physical possession of outside counsel.   *See* Memorandum of Law at 4-7.

16.     However, Defendants have taken the position with respect to Request Nos. 3, 7, 18,

19, 21, 22, 23, 25, 26, 36, 47, 48, 52, and 55-89 that neither Defendants nor any law firm that

participated in Defendants' personnel investigation has "any documentation of its investigation of complaints relating to discrimination/harassment by employees of the bank."   Defendants, in violation of Local Rule 26(d), have not indicated whether they have withheld documents on the basis of any privilege.   Moreover, Plaintiff knows that investigation-related documents exist, as Plaintiff, herself, was interviewed during the investigation, and notes were taken.   *See generally* Osucha Aff.   Additionally, Carolyn Sue Aldinger, Alden State Bank's Vice President/Branch Administrator/Human Resources/Security Officer at the time of the investigation, has sworn in an affidavit that investigation-related documents exist.   This affidavit is publically filed in a separate matter and is attached hereto as **Exhibit K** for the Court's convenience.   *See* Dkt. 21-14, 1:17-cv-01024-GWC (W.D.N.Y. filed May 30, 2019) (hereinafter "Aldinger Aff.").

17.   Specifically, when Defendants became aware of complaints of discrimination, harassment, and hostile work environment made by Plaintiff and Kaitlyn Chadbourne, Hilde Neubauer, Esq., Alden State Bank's Vice President/Compliance Officer/General Counsel, contacted Hodgson Russ, LLP, to assist Alden State Bank in conducting an investigation into these complaints.   Hodgson Russ, LLP, is Alden State Bank's long-time law firm and has significant connections with Alden State Bank.   Hodgson Russ, LLP, has been representing Alden State Bank since at least the early 1990s.   Christian G. Koelbl, III, who is the brother of individually-named defendants Richard D. Koelbl and John Koelbl, was a partner at Hodgson Russ, LLP, for many years.   Hilde Neubauer, Esq., was employed at Hodgson Russ, LLP, just prior to her beginning employment at Alden State Bank in 1996 as Compliance Officer and In House Attorney.   Further, since Hilde Neubauer and Carolyn Sue Aldinger became Executive Officers, Vice President/Compliance Officer/General Counsel and Vice President/Branch Administrator/Human Resources/Security Officer respectively, in approximately 2004, Hodgson Russ, LLP, has been

outside counsel for Alden State Bank.   *See* Aldinger Aff. ¶¶ 5-6 (Exhibit K).

18.     On or about August 13, 2015, Plaintiff met with Carolyn Sue Aldinger about Plaintiff's complaints about Defendants' discrimination, harassment, and hostile work environment.   Carolyn Sue Aldinger took notes during this interview; however, the documents that Defendants have provided do not contain these notes.   *See* Osucha Aff. ¶ 5.   Additionally, Carolyn Sue Aldinger prepared a typed summary of her interview of Plaintiff and gave a copy of the interview summary to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel.   *See* Aldinger Aff. ¶ 7 (Exhibit K).   However, the documents that Defendants have provided do not contain this interview summary.

19.     Also on or about August 13, 2015, Carolyn Sue Aldinger met separately with Kaitlyn Chadbourne concerning her complaints about Defendants' discrimination, harassment, and hostile work environment.   Carolyn Sue Aldinger prepared a typed summary of this interview and gave a copy of the summary to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel.   *See* Osucha Aff. ¶ 6; Aldinger Aff. ¶ 7 (Exhibit K).   A copy of Carolyn Sue Aldinger's interview notes provided to Hilde Neubauer, Esq., have been publically filed in a separate matter and are attached hereto as **Exhibit L** for the Court's convenience.   *See* Dkt. 21-13, 1:17-cv-01024-GWC (W.D.N.Y. filed May 30, 2019).   However, the documents that Defendants have provided do not contain this interview summary.

20.     Then, when Hodgson Russ, LLP, became involved in the investigation, Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, together with Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel, conducted employee interviews on August 20, 2015 of Colleen Pautler, Judith Wiltberger, Robin Maier, Laurie Bradley, and Carolyn Sue Aldinger.   *See* Aldinger Aff. ¶ 8 (Exhibit K); Osucha Aff. ¶ 12.

21.     During Emina Poricanin, Esq.,'s interview of Carolyn Sue Aldinger, she (Poricanin) took hand-written interview notes.   *See* Aldinger Aff. ¶ 9 (Exhibit K).   However, the documents that Defendants have provided do not contain any interview notes.   In fact, Defendants have also not produced any interview notes or other documents concerning any of the employees who were interviewed on August 20, 2015.

22.     Soon thereafter, Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, and, conducted employee interviews of Plaintiff and Kaitlyn Chadbourne at another location in Alden. *See* Osucha Aff. ¶¶ 13-14; Aldinger Aff. ¶ 8 (Exhibit K).   Emina Poricanin, Esq., took hand-written notes during Plaintiff's interview.   *See* Osucha Aff. ¶ 14.   In fact, Plaintiff had to keep stopping so she could keep up with her notes.   *See id*.   However, the documents that Defendants have provided do not contain any interview notes or other documents concerning the employees who were interviewed on August 21, 2015.

23.     On August 25, 2015, Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, conducted employee interviews of alleged discriminators and harassers, John D. Koelbl and Richard Koelbl.   Defendants have also not produced any interview notes or other documents concerning the investigation of the alleged discriminators and harassers, John D. Koelbl and Richard Koelbl, individually-named defendants in this matter.   *See* Osucha Aff. ¶ 15; Aldinger Aff. ¶ 10 (Exhibit K).

24.     On August 28, 2015, Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, met with Plaintiff.   *See* Osucha Aff. ¶ 16.   However, the documents that Defendants have provided do not contain these interview notes.

25.     Also on August 28, 2015, Carolyn Sue Aldinger met separately with Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, and Hilde Neubauer, Esq., Vice

President/Compliance Officer/General Counsel, and expressed her (Aldinger's) desire to interview Jaimie Hey and Julie Osucha, as Carolyn Sue Aldinger was concerned that Defendants' investigation had not interviewed Jaimie Hey and Julie Osucha, employees who were named as witnesses and victims of discrimination, harassment, and hostile work environment in complaints made by Plaintiff and Kaitlyn Chadbourne.   Defendants have not produced any interview notes or other documents concerning these meetings.   *See* Aldinger Aff. ¶ 11 (Exhibit K).

26.     Later, on August 28, 2015, Carolyn Sue Aldinger interviewed Alden State Bank employees Jaimie Hey and Julie Osucha, who were named in Plaintiff's and/or Kaitlyn Chadbourne's complaints as victims and witnesses concerning their complaints and knowledge of discrimination, harassment, and hostile work environment.   Carolyn Sue Aldinger prepared a memorandum concerning these interviews, and she provided it to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel, on September 9, 2015.   Defendants have not produced this memorandum.   *See* Aldinger Aff. ¶ 12 (Exhibit K); Osucha Aff. ¶ 17.

27.     On September 3, 2015, Carolyn Sue Aldinger again interviewed Jaimie Hey, who requested to file a complaint regarding Defendants' discrimination, harassment, and hostile work environment.   Carolyn Sue Aldinger prepared a complaint on her (Hey's) behalf and provided this complaint to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel.   A copy of this complaint appears in **Exhibit M**; however, the documents that Defendants have provided do not contain this complaint.   *See* Aldinger Aff. ¶ 13 (Exhibit K); Osucha Aff. ¶ 18.   Around a week later, Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, interviewed Jaimie Hey. Jaimie Hey said that the interview with Emina Poricanin, Esq., was very short, and Emina Poricanin, Esq., seemed disinterested.   Osucha Aff. ¶ 19.

28.     On September 11, 2015, Carolyn Sue Aldinger was called into a meeting at which

both Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney, and Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel, told her that she should not have interviewed Jaimie Hey and Julie Osucha.   Carolyn Sue Aldinger also prepared a memorandum to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel, on September 11, 2015 concerning Jaimie Hey and Julie Osucha's interviews and Jaimie Hey's formal complaint. *See* Aldinger Aff. ¶ 14 (Exhibit K).   A copy of this memorandum appears in **Exhibit M**; however, the documents that Defendants have provided do not contain this memorandum.

29.   Thus, Defendants' document production is incomplete with respect to documents related to their investigation into Plaintiff's and other employees' complaints of discrimination, harassment, and hostile work environment, and Defendants are incorrect in representing that neither they nor counsel have any such documents.   Defendants were on notice of their duty to preserve these investigation-related documents, especially given the scope and severity of the allegations against individually-named defendants, Richard D. Koelbl and John Koelbl, who, at the time, held the two highest-level executive positions at Alden State Bank.   If, even after resolution of the parties' discovery disputes, Defendants' position is that no documents related to its investigation exist, Plaintiff will require an affidavit from both Hodgson Russ, LLP, and Alden State Bank stating whether documents were created during the investigation and, if they were, when and under what circumstances those documents were destroyed.   *See* Memorandum of Law at 4-7, 16-17.

30.   **Defendants Have Failed to Respond Fully to the Following of Plaintiff's Document Requests**.   Specifically:

Request No. 1 (*see* Memorandum of Law at 7-9)

Request No. 1 requested personnel documents, including all performance and wage related documents, of employees who participated in decisions with respect to Plaintiff's compensation

and raises; sexually harassed Plaintiff and created a hostile work environment; witnessed illegal harassment, hostile work environment, and discrimination but failed to act; were subjected to and/or made complaints about Defendants' discrimination, harassment, and retaliation; received preferential treatment not provided to similarly situated female employees; and other employees directly relevant to Plaintiff's claims and/or Defendants' defenses.   However, Defendants provided only six of the 29 personnel records, namely those of Richard Koelbl; John Koelbl; Steven Woodard; Hilde Neubauer; Carolyn Sue Aldinger; and Ashley Osucha, and these records and documents were incomplete.

Under FED. R. CIV. P. 26(b)(1), the general rule is that, in the context of employment discrimination cases, courts favor liberal civil discovery rules, and plaintiffs are entitled to personnel documents of employees who are all evaluated by the same decision-maker.   Here, Plaintiff is entitled to the 23 personnel records that Defendants have not produced because she has shown an objectively identifiable basis for comparability, i.e., Richard Koelbl was the ultimate decision-maker concerning their terms and conditions of employment.   In addition to meeting the discovery standard of "similarly situated," Plaintiff requested only the personnel records specifically relevant to the claims and defenses in this matter, thus demonstrating Plaintiff's entitlement to these records under FED. R. CIV. P. 26(b)(1).   For example:

Defendants must produce personnel records of all other employees who, like Plaintiff, suffered discrimination, harassment, and/or hostile work environment on the basis of sex, along with the personnel records of relevant male harassers and comparators, including but not limited to: Jaimie Hey (Compl. ¶¶ 32, 34, 46, 55-56); Kaitlyn Chadbourne (Compl. ¶ 52); Julie Osucha (Compl. ¶ 55); Megan Bippert; Dawn Shimweg; Teresa Miranda; Heather Zuppelli; Diane Setlock; Nicole Aldinger; Shawn Gillen; Katherine Koelbl; Noel Smithers; Danielle Wagner; Robert Englehart; Christopher Gust; Jesse Jerge; Tracy McMaster (Compl. ¶ 13); Robin Maier (Compl. ¶¶ 28, 40); Colleen Pautler (Compl. ¶¶ 13, 47-48, 61); Sylvia Sweet (Compl. ¶¶ 13, 23); and Patricia Aldridge (Compl. ¶ 13).   Defendants must also produce personnel records of Robert Englehart and Christopher Gust, given that Defendants failed to discipline these employees in connection with their conduct toward female employees.

Defendants must produce personnel records of all employees who were similarly situated except that they were not the victims of sexual harassment and advanced in their careers at Alden State Bank.   These employees' personnel records will demonstrate Plaintiff's career path but for Defendants' discriminatory actions.   These employees include but are not limited to: Colleen Pautler (Compl. ¶¶ 13, 47-48, 61); Tracy McMaster (Compl. ¶ 13); and Robin Maier (Compl. ¶¶ 28, 40).

Additionally and as noted above, the very few personnel records that Defendants did produce are incomplete.   The records do not include W-2s or Form 1099s.   Plaintiff is entitled to production of W-2s and Form 1099s, because these documents are relevant to calculate Plaintiff's damages.   The produced records also do not contain employee yearly calendars.   The produced personnel records also contain no training records, performance improvement plans, performance notations, or discipline records.   These documents are especially relevant here, as they would reflect the outcome of Alden State Bank's investigation into Plaintiff's and others' complaints of discrimination, harassment, and hostile work environment made against individually-named

defendants, Richard D. Koelbl and John Koelbl.   The produced personnel records also contain no training documents; the efforts, if any, that Defendants took to train Alden State Bank employees are plainly relevant and proportional to the allegations in this case.   *See supra* ¶ 12.

Request No. 2

Request No. 2 sought "[a]ny and all documents referred to, listed, or intended to be encompassed within the classifications of documents set forth in Defendants' Rule 26 Initial Disclosures."   Defendants had no objection to this but claimed, without any specification as to which documents are responsive to this request, that documents were previously disclosed with Defendants' position statement.   FED. R. CIV. P. 34(E)(i) requires that Defendants identify and label the documents that they have disclosed as responsive to this request.   *See* Memorandum of Law at 16.

Request No. 3

Request No. 3 sought:

> Any and all documents pertaining to any meetings, discussions, encounters, and/or conversations that the Defendants, their agents, servants, and/or employees had with respect to Plaintiff, Plaintiff's employment, Plaintiff's complaints of discrimination, hostile work environment, and/or retaliation, including but not limited to correspondence, memoranda, notes, complaints, letters, statements, meeting minutes, interview notes, investigation notes, investigation interview notes, statements of witnesses, findings, determinations, and/or and disciplinary letters.

Upon review, Defendants' responsive production is substantially incomplete.   For example, the over 500 pages of emails that Defendants have produced contain absolutely no references to Plaintiff, her employment, or her complaints and are, therefore, wholly unresponsive to this request.   Given the allegations in this matter, it is very unlikely that other emails, including emails to, from by, and/or between, Richard Koelbl, John Koelbl, Steven Woodard, Hilde Neubauer, and outside counsel, including Hodgson Russ, LLP, would not have discussed Plaintiff, her complaints, and her employment.   Defendants also failed to produce any documents concerning Defendants' investigation into Plaintiff's and other employees' complaints.   *See* Memorandum of Law at 9-12; *supra* ¶¶ 12, 14-29.

Request No. 4

Defendants have refused to provide the documents requested relative to employees' claims of discrimination, hostile work environment, and/or retaliation except with respect to limited documents relative to Plaintiff and one relevant email and limited documents relative to Carolyn Sue Aldinger, which Defendants had provided to the EEOC.   It is well settled law that employees' claims of discrimination, hostile work environment, and/or retaliation during the time requested are relevant, and Plaintiff is entitled to the requested documents.   *See* Memorandum of Law at 9-

12

12.   With respect to Request No. 4's temporal scope, the time period is appropriate because Richard D. Koelbl and John Koelbl, named defendants, were bank employees aware of and subject to these policies regarding illegal harassment, hostile work environment, discrimination, and retaliation.   Thus, Plaintiff is entitled to these documents relative to any employee who made a claim.   Further, with regard to the documents that Defendants did produce with respect to Request No. 4, Plaintiff notes that Defendants have referenced but failed to produce a "memorandum . . . that was found following Ms. Aldinger's termination," which Defendants allege was on Carolyn Sue Aldinger's Iron Key Thumb Drive and contained confidential information.   Although a copy of this memorandum was Alden State Bank's <u>Exhibit O</u> to the EEOC with respect to Carolyn Sue Aldinger, Defendants' production does not contain this relevant and material memorandum.   *See supra* ¶¶ 12, 13.   Additionally, despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17.

<u>Request No. 5</u>

Request No. 5 sought documents relating to policy, practice, and/or procedure concerning who is/was authorized to receive complaints of discrimination, hostile work environment, and/or retaliation made by Alden State Bank employees. Defendants' response is improper, as it references multiple years of Employee Handbooks but fails to specify which portions are responsive to this request.   *See* FED. R. CIV. P 34.   Further, Defendants produced only the 2014-2018 revisions of the Employee Handbook, despite Plaintiff's employment with Alden State Bank beginning in 2008.   All Employee Handbooks during Plaintiff's employment are relevant.   *See* Memorandum of Law at 12-13.   Additionally, despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17.

<u>Request No. 6</u>

Defendants produced only documents they submitted to the EEOC and three pages of typed interview notes prepared by Hilde Neubauer, despite Plaintiff's Request No. 6 being inclusive of all tape and video recordings depicting the discrimination, harassment, and retaliation against any of Defendants' employees.   Plaintiff is aware, however, that after she and Kaitlyn Chadbourne complained to Alden State Bank about sexual harassment and hostile work environment, Alden State Bank secured the prior 90 days of recordings from its CCTV security surveillance cameras and stored the recordings in the computer room.   *See* Aldinger Aff. ¶ 14 (Exhibit K).   Regardless, when Defendants became aware of Plaintiff's and other employees' claims of discrimination, harassment, and hostile work environment, Defendants had an immediate duty to maintain and preserve video recordings that may have captured acts of illegal harassment, hostile work environment, and discrimination.   *See* Memorandum of Law at 9-12.   Additionally, despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no

such affidavit.   Instead, Defendants responded only that "[u]pon information and belief, there are no tape recording or video materials responsive to this demand in the defendants' possession."   If Defendants' position is that they have no further responsive materials, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17.

<u>Request No. 7</u>

Request No. 7 sought documents related to any writing constituting any finding, administrative, and/or judicial finding or decision, including, without intending to limit, any finding of probable cause or reasonable cause to believe that Defendants discriminated, harassed, and/or retaliated against any employee on any basis including but not limited to sex, race, and/or age.   Defendants responded only that they are "not in possession of" any "administrative or judicial" finding or decision.   First, the request was for "**any finding**, administrative or judicial finding," not any "administrative or judicial" finding.   Second, since Defendants' counsel Hodgson Russ, LLP, did investigations on Defendants' behalf, Hodgson Russ, LLP, may have possession of requested documents. *See supra* ¶¶ 12, 14-29.   Defendants have not provided an affidavit that responsive documents are not in their possession or in the possession of any other entity, including Hodgson Russ, LLP.   If Defendants' position is that they have no responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify that there are no such documents responsive to this demand in Defendants' possession or the possession of Hodgson Russ, LLP, or any entity that conducted an investigation.   *See* Memorandum of Law at 16-17.

<u>Request No. 8</u>

In Request No. 8, Plaintiff sought documents related to employee exit interviews.   Exit interviews are relevant, and the demand is proportional under FED. R. CIV. P. 26, because exit interviews could contain complaints, claims, or allegations of harassment, discrimination, or retaliation from employees who (for whatever reason) never made a formal complaint of discrimination.   *See supra* ¶ 12.

<u>Request No. 9</u>

With respect to Request No. 9 seeking Defendants' policies relevant to claims and defenses in this matter, Defendants produced Employee Handbook revisions 2014-2018 and single versions of a number of other policies. Additionally, despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17.

Additionally, Defendants failed to produce the actual policies concerning employee benefits, which are necessary to evaluate the benefits available to Plaintiff and Alden State Bank employees.   These policies include but are not limited to: EAP; Employee Life Insurance; Supervisors and Officers Life Insurance; HSA; Health Insurance; Pension; 401k; Stock Options; and Profit Sharing.   *See* Memorandum of Law at 12-13; *supra* ¶ 12.

### Request No. 10

Defendants' response to Request No. 10 is incomplete.   Plaintiff's request sought training records regarding Alden State Bank's entire Board of Directors.   However, Defendants produced only acknowledgments of training signed by Richard Koelbl; John Koelbl; and Steven Woodard. Training with respect to discrimination, harassment, and retaliation regarding all members of the Board of Directors is relevant and proportional, given that members of the Board of Directors, including Mark Reiman and Neil Hourihan, were aware of employees' complaints of discrimination, hostile work environment, and/or retaliation and that that both individually-named discriminator/harasser defendants, Richard D Koelbl (President of the Board) and John Koelbl (Vice President of the Board) were on the Board of Directors, and the Board of Directors failed to take appropriate action to address Plaintiff's and other employees' complaints of discrimination, harassment, hostile work environment, and retaliation.   *See* Memorandum of Law at 12-13. Additionally, despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17.

### Request No. 11

Defendants have no objection to this request but claim that they have produced documents with their Initial Disclosures.   Although Defendants provided the Everest National Bank policy covering Alden State Bank, they have not indicated whether any defendant has excess insurance coverage or whether the individual defendants have separate insurance coverage, such as umbrella insurance, that could provide indemnification for Plaintiff's claims.   *See* Memorandum of Law at 14.

### Request No. 12

Request No. 12 sought documents Defendants identified in response to Plaintiff's First Set of Interrogatories.   Defendants' response to Request No. 12 is wholly nonresponsive. Defendants' objection regarding Plaintiff exceeding the permitted 25 interrogatories is incorrect, given that each subpart is only a logical and necessary component to the primary question.   Thus, insofar as Defendants have refused production on this ground, Plaintiff seeks that any withheld documents be produced.   Plaintiff also objects to Defendants' response that "all information sought has been set forth elsewhere in this document, in response to specific demands," given that this response wholly fails to direct Plaintiff as to what demands and/or documents Defendants are alleging are responsive to Request No. 12, as required under the rules.   *See* Memorandum of Law at 15.

### Request No. 14

15

Plaintiff's Request No. 14 mistakenly requested documents that Defendants provided to the EEOC concerning her own charge of discrimination.   In Plaintiff's good faith letter, Plaintiff notified Defendants that Plaintiff intended Request No. 14 to seek documents related to Carolyn Sue Aldinger's charge of discrimination.   Insofar as Defendants have provided some documents that Alden State Bank submitted to the EEOC concerning Carolyn Sue Aldinger's charge of discrimination, Defendants' response is incomplete, because Defendants have referenced but failed to produce a "memorandum . . . that was found following Ms. Aldinger's termination," which Defendants allege was on Plaintiff's Iron Key Thumb Drive and contained confidential information.  Although a copy of this memorandum was <u>Exhibit O</u> to the EEOC, Defendants' production does not contain this relevant and material memorandum.

## Request No. 15

Defendants' response to Request No. 15 is incomplete and must be supplemented. Specifically, Defendants' response references <u>Exhibit K</u>, which is incomplete, because Defendants have referenced but failed to produce a "memorandum . . . that was found following Ms. Aldinger's termination," which Defendants' allege was on Carolyn Sue Aldinger's Iron Key Thumb Drive and contained confidential information.   Although a copy of this memorandum was Defendants' <u>Exhibit O</u> to the EEOC with respect to Carolyn Sue Aldinger, Defendants' production does not contain this relevant and material memorandum.   *See supra* ¶ 12.

## Request No. 16

In Request No. 16, Plaintiff sought Alden State Bank's organizational charts from January 1, 1995, i.e., the time period when Richard Koelbl and John Koelbl held executive decision-making management positions at Alden State Bank.   Defendants have provided only one undated organizational chart in response to the demand.   However, additional responsive organizational charts exist.   *See* Aldinger Aff. ¶ 18 (Exhibit K).   These charts are relevant to determine company hierarchy and reporting order, including but not limited to who, or which positions, would have been responsible for the reporting and investigation into Plaintiff's and other employees' complaints of discrimination, harassment, and retaliation.   *See* Memorandum of Law at 12-13.   If Defendants' position is that they have no responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify that there are no such documents responsive to this demand in Defendants' possession.   *See* Memorandum of Law at 16-17.

## Request No. 17

Defendants have no objection to this request and claim that they have provided responsive documents.   However, in response to this request, Defendants produced only the Wage & Salary Administration Program dated January 1, 2007.   Defendants' response is improper, as it references over 200 pages but fails to specify which portions are responsive to this request.   See FED. R. CIV. P. 34.   Additionally, Defendants have not provided any: job postings, applications, resumes, interview schedules and notes, assessments of each applicant, selection criteria for interviews and hiring for each position, notifications of interview, selection and/or rejection for each position, interview notes, and the identity of any individual who held the position at any time and payroll records reflecting the salaries compensation and benefits paid to the individuals who

16

held these positions.  These documents are relevant to Plaintiff's claims of harassment, hostile work environment, discrimination and retaliation, including but not limited to her allegation that Defendants retaliated against Plaintiff for her complaints of harassment, hostile work environment, and discrimination and that Plaintiff did not seek certain career advancements because the positions would have involved working more closely with the named defendant harassers/discriminators, Richard D. Koelbl and John Koelbl.  These documents are also relevant as they will provide evidence that Defendants discriminated against female executive officers in the terms and conditions of their employment, i.e., compensation and benefits.  If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.  *See* Memorandum of Law at 16-17.

Request Nos. 18 & 19

Request Nos. 18 and 19 sought documents related to Defendants' investigation(s) concerning employees' complaints, claims, and/or allegations of discrimination, hostile work environment, and/or retaliation. It is well established that a plaintiff alleging discrimination, harassment, and/or retaliation is entitled to the employer's documents related to other complaints of discrimination, harassment, and retaliation.  And these documents are relevant to discriminatory motive and intent and to the overall hostile work environment at Alden State Bank. *See* Memorandum of law at 9-12.  Defendants have no legitimate basis to refuse production of these documents and have waived both attorney-client and work product privileges in raising the *Faragher/Ellerth* affirmative defense (*see* Dkt. 9 ¶ 44).  *See* Memorandum of Law at 5-7.  With respect to Request No. 18, although the Neubauer Affidavit states that Defendants have no responsive documents, Plaintiff knows and can demonstrate that such documents exist.  *See supra* ¶¶ 14-29; Osucha Aff.; Aldinger Aff. (Exhibit K).  With respect to Request No. 19, despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If, even after resolution of the parties' discovery disputes, Defendants' position is that no documents related to its investigation exist, Plaintiff will require an affidavit from both Hodgson Russ, LLP, and Alden State Bank stating whether documents were created during the investigation and, if they were, when and under what circumstances those documents were destroyed.  *See supra* ¶¶ 12, 13, 14-29.

Request No. 20

In response to Request No. 20, which sought documents related to Defendants' affirmative defenses, Defendants responded only that responsive documents "will be provided in a timely fashion before the completion of discovery, if said documents have not already been produced." Defendants are required to produce documents, not give some vague and conclusory platitude that they will, at some indeterminate time in the future, produce documents.  To the extent that Defendants claim they have produced responsive documents, Defendants have improperly failed to specify which documents that they have produced are responsive to this request.  *See* Memorandum of Law at 15.

Request No. 21

17

Request No. 21 sought any and all communications between defendants Richard D. Koelbl and John Koelbl relating directly and/or indirectly to Plaintiff complaining to Defendants about Plaintiff's treatment at work, including any text messages, emails, or other communications. Defendants' response is improper, as it references <u>Exhibit J</u> in its entirety but fails to specify which portions are responsive to this request.   *See* FED. R. CIV. P. 34.   Additionally, Defendants have not produced a single responsive communication between defendants Richard D. Koelbl and John Koelbl using personal communication methods.   Defendants must produce all responsive text messages, emails, or other communications by and/or between the individually named defendants, Richard D. Koelbl and John Koelbl, using their personal emails, messaging services, and/or communication hardware, inclusive of communications related to outside counsel's investigation, given that Plaintiff is entitled to production of Hodgson Russ, LLP,'s full investigation file, including any attorney notes, memoranda, communications, recommendations, etc.   *See* Memorandum of Law at 9-12.   Despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no responsive documents, an affidavit of an officer of Alden State Bank with knowledge, Richard D. Koelbl, and John Koelbl must all verify that there are no documents responsive to these requests in Defendants' possession or the possession of Hodgson Russ, LLP, or any entity that may have conducted an investigation.   *See* Memorandum of Law at 16-17; *supra* ¶¶ 14-29.

<u>Request No. 22</u>

Request No. 22 sought documents showing communications, including emails and text messages involving the individual defendants, Richard D. Koelbl and John Koelbl, that involve seeking contact with an Alden State Bank female employee not concerning Alden State Bank Business or seeking contact outside of Alden State Bank Business Hours.   The documents that Defendants reference (<u>Exhibit G</u>) are wholly unresponsive to Request No. 22.   First, Defendants' response is improper, as it references <u>Exhibit G</u> in its entirety but fails to specify which portions are responsive to this request. Additionally, documents contained within <u>Exhibit G</u> are not responsive to this request, given that Defendants have not produced any emails or other communications concerning Richard D. Koelbl and/or John Koelbl's contacts and/or communications regarding and/or involving Alden State Bank female employees or a single text message.   It is very unlikely that Defendants would not have documents responsive to this request. *See* Memorandum of Law at 9-12; *supra* ¶¶ 12, 13, 14-29.   Additionally, although the Neubauer Affidavit states that Defendants have no responsive documents, this is insufficient, as Hilde Neubauer lacks personal knowledge of responsive material held personally by the individually-named defendants, Richard D. Koelbl and John Koelbl.   If Defendants' position is that they have no responsive documents, both Richard D. Koelbl and John Koelbl must verify in affidavits that there are no materials responsive to this request in their possession.   *See* Memorandum of Law at 16-17.

<u>Request No. 23</u>

Request No. 23 sought copies of all emails between Defendants, themselves, and/or, agents, servants, or employees of Alden State Bank regarding Plaintiff or events related to the instant lawsuit.   In response, however, Defendants reference documents wholly not responsive to this request.   With respect to Request No. 23, Defendants must produce all emails between agents, servants, or employees concerning Plaintiff or the events of this instant lawsuit.   The emails that Defendants produced (Exhibit G), contain absolutely no reference to Plaintiff, her employment, or her complaints.   Given the allegations in this matter, it is very unlikely that other emails, including emails to, from by, and/or between, Richard D. Koelbl, John Koelbl, Steven Woodard, Hilde Neubauer, and outside counsel, including Hodgson Russ, LLP, would not have discussed Plaintiff and her complaints.   Defendants also failed to produce any documents concerning Defendants' investigation into Plaintiff's and other employees' complaints.   *See supra* ¶¶ 14-29. Additionally, although the Neubauer Affidavit states that Defendants have no responsive documents, this is insufficient, as Hilde Neubauer lacks personal knowledge of responsive material held personally by the individually-named defendants, Richard D. Koelbl and John Koelbl.   If Defendants' position is that they have no responsive documents, both Richard D. Koelbl and John Koelbl must verify in affidavits that there are no materials responsive to this request in their possession.   *See* Memorandum of Law at 16-17.

## Request No. 24 & 25

Although the Neubauer Affidavit states that Defendants have no documents responsive to Request Nos. 24 and 25, which were for employee calendars, notebooks, planners, journals, and/or diaries, Alden State Bank is, in fact, in possession of documents responsive to Request Nos. 24 and 25.   Specifically, Defendants are in possession of Carolyn Sue Aldinger's calendars, which she kept in a box under her desk and on the top shelf of her office closet.   Additionally, other individuals listed in Request Nos. 24 and 25 also kept calendars, notebooks, planners, journals, and/or diaries.   *See* Aldinger Aff. ¶ 20 (Exhibit K).   Defendants are also in possession of these documents with respect to tellers and head tellers.   *See* Osucha Aff. ¶ 21; *supra* ¶¶ 13, 14-29.

## Request No. 26

With respect to Request No. 26, after reviewing Defendants' responsive production, Plaintiff has determined that it is substantially incomplete.   For example, the documents do not contain performance reviews and/or assessments, recommendations for raises and promotions, approvals for raises and promotions.   Additionally, Defendants produced Plaintiff's W-2s for only 2015-2017, despite Plaintiff's request seeking documents related to her entire employment.   *See* Memorandum of Law at 14.   Despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17; *supra* ¶¶ 14-29.

## Request No. 27

With respect to Request No. 27, Alden State Bank schematic drawings and the layout of Alden State Bank's locations are relevant, material, and discoverable under FED. R. CIV. P. 26 because they go directly to prove Plaintiff's specific allegations of harassment and hostile work environment by providing evidence of where within and outside of the facility the sexually offensive conduct occurred and to show the location of the individual defendants' offices. *See supra* ¶ 12.

<u>Request No. 28 & 29</u>

Request Nos. 28 and 29 sought documents related to Alden State Bank's security camera system, including the field of view of the cameras as well as the retention and archiving policy regarding camera recordings. This information is relevant and proportional to the needs of this case because the information will allow Plaintiff to determine whether Defendants' cameras recorded instances of harassment, hostile work environment, and discrimination and how to access relevant recordings. Additionally, responsive documents will provide evidence of how, in the ordinary course of business, Alden State Bank stores or archives video recordings so that Plaintiff can identify recordings relevant to her claims and to determine whether Alden State Bank complied with its obligation to preserve relevant evidence in this matter. *See supra* ¶ 12.

<u>Request No. 30</u>

Request No. 30 sought all documents and communications related to the construction and/or renovation of each location of Alden State Bank. These documents are relevant and proportional to the needs of this case because they go to Defendants' discriminatory actions, motive, and intent, including by not limited to providing shower facilities for male but not female employees. *See supra* ¶ 12.

<u>Request No. 31</u>

With respect to Request No. 31, the Affirmative Action Plan and all yearly acknowledgements are relevant, material, and discoverable under FED. R. CIV. P. 26, because these documents will reflect whether/how and to what extent Defendants had appropriate policies and provided appropriate training concerning discrimination, harassment, and retaliation. *See* Memorandum of Law at 12-13. Defendants, however, have produced only the Affirmative Action Plan for years 2009-2010 and 2011-2019 without yearly acknowledgements. *See supra* ¶ 12.

<u>Request No. 32</u>

With respect to Request No. 32, Defendants' response is incomplete. Defendants have provided only Employee Handbook revisions from 2014-2018, despite Plaintiff's demand seeking all handbooks, revisions, amendments, etc. from January 1, 1995 to the conclusion of the action. These other handbook versions are relevant and discoverable under FED. R. CIV. P. 26 to show policies and trainings related to wages and benefits as well and illegal discrimination, hostile work environment, and retaliation. These handbooks are also relevant to determine the policies of Alden State Bank while Richard D. Koelbl and John Koelbl were in executive decision-making management positions. *See* Memorandum of Law at 12-13. Despite Defendants' May 1, 2019

letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit. If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.   *See* Memorandum of Law at 16-17.

<u>Request No. 33</u>

Defendants do not object to this request and, while Defendants claim to have produced responsive documents, they have not.   The Wage & Salary Administration Program (<u>Exhibit L</u>) does not address proposed changes in employees' hourly rates and salaries, who proposed the changes, or who approved the changes.   Defendants have produced none of these documents. The documents are relevant to Plaintiff's retaliation claim that she received a reduced annual raise after making complaints of discrimination, harassment, and hostile work environment and must be produced.   Thus, the Neubauer Affidavit is incorrect in stating that Defendants have no further documents responsive to Request No. 33.

<u>Request No. 34</u>

Request No. 34 sought all documents related to Alden State Bank's determination of compensation with respect to executive officers.   The timeframe is appropriate as it is the period during which Plaintiff has worked for Alden State Bank.   Additionally, these documents are relevant and discoverable under FED. R. CIV. P. 26 because they will go to show Defendants' discriminatory and retaliatory actions, motive, and animus toward females and those employees who made complaints of illegal discrimination, retaliation, and hostile work environment.   *See supra* ¶ 12.

<u>Request No. 35</u>

Request No. 35 sought specific documents related to the Board of Directors as well as its Compensation and Audit Committees.   The timeframe is appropriate as it is the period that Plaintiff has been employed at Alden State Bank.   These documents are relevant and discoverable under FED. R. CIV. P. 26 because Plaintiff is entitled to discovery of the agendas, attendance records, training records, notes, minutes, and resolutions requested to demonstrate what, if any, action the Board of Directors took relative to her and others' complaints of discrimination, harassment, hostile work environment, and retaliation.   The requested documents will further show whether Alden State Bank provided training to the Board of Directors.   *See supra* ¶¶ 12, 13.

<u>Request No. 36</u>

Request No. 36 sought records related to Whistle Blower Incidents/Complaints, and Defendants have disclosed limited documents.   Despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.   If Defendants' position is that they have no documents related to other or additional Whistle Blower Complaints/Incidents, an affidavit of an officer of Alden State Bank with knowledge must verify that there are no documents responsive to this demand in Defendants' possession or the possession of Hodgson

Russ, LLP, or any entity that conducted an investigation.  *See* Memorandum of Law at 16-17; *supra* ¶¶ 12, 14-29.

### Request No. 37

Request No. 37 sought documents demonstrating what individuals or entities own stock or other interests in Alden State Bank.  These documents are relevant and discoverable under FED. R. CIV. P. 26 because they relate directly to another female employee's allegation of retaliation, who claimed that she was denied the opportunity to purchase additional stock after her complaints of discrimination and retaliation.  With respect to scope, the scope of this demand is limited to from January 1, 1995 to the conclusion of this action, when the individual defendants became executive level decision-makers.  *See supra* ¶¶ 12, 13.

### Request Nos. 38, 39, 40, 41, 42, 43, 44, 45, 46

Plaintiff's Requests Nos. 38, 39, 40, 41, 42, 43, 44, 45, and 46 each sought documents necessary to show the monetary value of Plaintiff's employment and employee benefits, which are necessary to prove Plaintiff's damages.  These records relate to: health insurance (38-39); life insurance (40); 401k (41); health savings account (42); Employee Assistance Program (43); free checking (44); continuing education (45); and disability insurance benefits (46).  All of these benefits documents are discoverable.  *See* Memorandum of Law at 14; *supra* ¶¶ 12, 13.  With respect to Request No. 43 regarding the Employee Assistance Program, although Defendants have produced some documents concerning the program, itself, Defendants have produced no documents concerning the monetary value of this employee benefit.

### Request No. 47

Request No. 47 sought only retainer and scope of work agreements regarding any time that Defendants used outside counsel to conduct an investigation into complaints of discrimination, retaliation, and/or hostile work environment.  It is well established that such documents are not protected by attorney-client privilege.  *See* Memorandum of Law at 5-7.  These documents are relevant and discoverable under FED. R. CIV. P. 26 in order to determine whether and to what extent Hodgson Russ, LLP, or any other law firm or entity acted in a fact-gathering, rather than advisory capacity.  These documents will be relevant to determine what entity retained Hodgson Russ, LLP, or any other law firm and the scope and nature of the engagement.  In other words, these documents are discoverable because they go to the core issue of Defendants' investigation into complaints of discrimination, retaliation, and hostile work environment.  Defendants' response that "Defendants were advised that Hodgson Russ, LLP, does not have any documentation of its investigation of complaints relating to discrimination/harassment by employees of the bank" is not sufficient.  Law firms are required to have and maintain retainer agreements and files.  If Defendants' position is that they have no responsive documents, an affidavit of an officer of Alden State Bank with knowledge and from Hodgson Russ, LLP, must verify that there are no documents responsive to this demand in Defendants' possession or the possession of Hodgson Russ, LLP, or any entity that conducted an investigation.  *See* Memorandum of Law at 16-17; *supra* ¶¶ 14-29.

### Request No. 48

Request No, 48 sought all documents of or concerning whether any defendant, either individually, through Alden State Bank, or through any third party or other agent has ever made any payment to any individual, individuals, or group in order to resolve and/or settle any allegations, claims, lawsuits, and/or proceedings regarding discrimination, harassment, and/or retaliation.   Although the Neubauer Affidavit states that Defendants have no responsive documents, this is insufficient, as Hilde Neubauer lacks personal knowledge of responsive material held personally by the individually-named defendants, Richard D. Koelbl and John Koelbl.   If Defendants' position is that they have no responsive documents, both Richard D. Koelbl and John Koelbl must verify in affidavits that there are no materials responsive to this request in their possession.   *See* Memorandum of Law at 16-17; *supra* ¶¶ 12, 14-29.

### Request No. 49

In Request No. 49, the requested documents are relevant to the allegations here, which contend specifically that named defendants Richard Koelbl and John Koelbl made predatory advances toward subordinate Alden State Bank female employees, including Plaintiff.   Thus, the documents requested are relevant as proof that Richard Koelbl and John Koelbl engaged in this conduct.   Additionally, Plaintiff notes that, although Defendants may not possess physical paper bank/credit card statements reflecting these activities, any responsive statements within any of the Defendants' possession and control and must be produced, including electronically available materials.   Although the Neubauer Affidavit states that Defendants have no responsive documents, this is insufficient, as Hilde Neubauer lacks personal knowledge of responsive material held personally by the individually-named defendants, Richard D. Koelbl and John Koelbl.   If Defendants' position is that they have no responsive documents, both Richard D. Koelbl and John Koelbl must verify in affidavits that there are no materials responsive to this request in their possession.   *See* Memorandum of Law at 16-17; *supra* ¶ 12.

### Request No. 50

Request No. 50 sought documents relative to defendant Richard D. Koelbl's divorce.   This request is not overreaching or irrelevant as the requested documents are relevant to the allegations here, which contend specifically that named defendant Richard D. Koelbl made predatory advances toward subordinate Alden State Bank employees, including Plaintiff.   Thus, the documents requested are relevant as proof that Richard Koelbl engaged in this conduct, given that Richard D. Koelbl's divorce was connected with his sexual relationship with a subordinate Alden State Bank employee.   Additionally, Plaintiff notes that, although Defendants may not possess physical documents, any responsive documents are within Richard Koelbl's possession and control and must be produced.   Moreover, many of these documents will be publically filed documents in the divorce litigation. Although the Neubauer Affidavit states that Defendants have no responsive documents, this is insufficient, as Hilde Neubauer lacks personal knowledge of responsive material held personally by the individually-named defendant, Richard D. Koelbl.   If Defendants' position is that they have no responsive documents, Richard D. Koelbl must verify in an affidavit that there are no materials responsive to this request in his possession.   *See* Memorandum of Law at 16-17; *supra* ¶¶ 12, 13.

<u>Request No. 51</u>

With respect to Request No. 51, Defendants state no objection but produced only limited documents related to the Alden State Bank Board of Directors, none of which demonstrate the qualifications needed to be a member of the Board of Directors or documents reflecting consideration of potential board members.  Despite Defendants' May 1, 2019 letter stating that Defendants would provide an affidavit that Defendants have no further responsive documents, Defendants, as of the date of this motion, have provided no such affidavit.  If Defendants' position is that they have no further responsive documents, an affidavit of an officer of Alden State Bank with knowledge must verify so.  *See* Memorandum of Law at 16-17.

<u>Request No. 52</u>

Request No. 52 was directed to obtaining documents relevant to allegations in Paragraph 34 of the Complaint, namely that defendant John Koelbl engaged in making sexually offensive suggestions and comments to Plaintiff in front of a witness, and, after recognizing that he had done so, left work to purchase a bag of sponge candy for Plaintiff and the witness, which he then brought to the witness.  The documents requested will confirm such conduct.  Additionally, Plaintiff notes that, although Defendants may not possess physical paper bank/credit card statements or receipts reflecting these activities, any responsive statements within any of the Defendants' possession and control and must be produced.  If Defendants' position is that they have no responsive documents, affidavits of John Koelbl as well as an officer of Alden State Bank with knowledge must verify that there are no such documents responsive to this demand in Defendants' possession or the possession of Hodgson Russ, LLP, or any entity that conducted an investigation. *See* Memorandum of Law at 16-17; *supra* ¶¶ 12, 14-29.

<u>Request No. 53 & 54</u>

Request Nos. 53 and 54 sought documents related to dinners involving Richard D. Koelbl, John Koelbl, and Alden State Bank employees.  It is very unlikely that Defendants would not be in possession of records reflecting these events, including but not limited to lists of attendees, invoices, receipts, expense requests and approvals, etc.  Additionally, Plaintiff notes that, although Defendants may not possess physical paper bank/credit card statements reflecting these activities, any responsive statements within any of the Defendants' possession and control and must be produced.  Although the Neubauer Affidavit states that Defendants have no responsive documents, this is insufficient, as Hilde Neubauer lacks personal knowledge of responsive material held personally by the individually-named defendants, Richard D. Koelbl and John Koelbl.  If Defendants' position is that they have no responsive documents, both Richard D. Koelbl and John Koelbl must verify in affidavits that there are no materials responsive to this request in their possession.  *See* Memorandum of Law at 16-17.

<u>Request Nos. 55-89</u>

With respect to Request Nos. 55-89, Plaintiff sought production of documents relative to her own and other employees' specific allegations of hostile work environment, discrimination,

and/or retaliation. Each of these requests seek relevant documents proportional to the needs of this case, given that the requests seek documents related to complaints and conduct specifically alleged in the Complaint. *See* Memorandum of Law at 9-12. Although the Neubauer Affidavit states that Defendants have no documents responsive to these requests, this is not accurate. As noted above, Defendants, at the very least, have documents created during its investigation related to Plaintiff's and other employees' complaints of discrimination, harassment, hostile work environment, and retaliation, which refuses to produce without basis in this litigation. *See supra* ¶¶ 14-29.

### Defendants have Failed to Respond Fully to the Plaintiff's First Set of Interrogatories

31.     Defendants must also provide complete responses to Plaintiff's First Set of Interrogatories. In failing to respond or respond fully to Plaintiff's First Set of Interrogatories, Defendants repeatedly refused to answer subparts necessarily related to the primary question or referred Plaintiff to hundreds of pages in lieu of providing an actual response, and many of those pages were non-responsive and/or failed to completely respond to the Interrogatory.

32.     First, with respect to Interrogatories 1, 3, 4, 8, and 11, Defendants failed to respond fully to these Interrogatories, including each subpart. With respect to these Interrogatories, contrary to Defendants' position, Plaintiff's First Set of Interrogatories to Defendants did not exceed the 25 Interrogatories provided for under FED. R. CIV. P. 33(a)(1). This is because each subpart to the Interrogatories is not a discrete interrogatory and is, instead, necessarily related to and subsumed by the primary question. A subpart is discrete and regarded as a separate interrogatory only when it is logically or factually independent of the question posed by the basic interrogatory. The better view is that subparts be counted as part of one interrogatory if they are logically and necessarily related to the primary question. For example, the Federal Rules Advisory Committee wrote that a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, person's present, and contents be stated separately for each communication. *See* Memorandum of Law at 17-18.

With this background:

- Interrogatory 1 sought details about Plaintiff's employment with Alden State Bank, and each subpart concerned a specific and related employment detail.

- Interrogatory 3 sought responses to a question concerning other complaints of discrimination, harassment, retaliation, and/or hostile work environment during the period that Richard Koelbl and John Koelbl were executive officers, and each subpart concerned aspects of those complaints.

- Interrogatory 4 sought identifying and employment information, and each subpart simply specified the relevant individuals and the identifying information sought.

- Interrogatory 8 sought descriptions of Alden State Bank policies, and each subpart simply specified those policies included in Interrogatory 8.

- Interrogatory 11 sought the bases for Defendants' affirmative defenses, which is a type of Interrogatory that courts routinely order a party to respond to.   *See* Memorandum of Law at 19.

Thus, Defendants' refusal to fully respond to these Interrogatories is without basis.

33.     Additionally, with respect to Interrogatories 1, 2, 3, 4, 5, 6, 8, and 10, Defendants failed to specify which documents within the hundreds of pages they reference in response they contend are responsive to the Interrogatory.   This is required under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." However, rather than providing any detail whatsoever, Defendants, in lieu of responding to these Interrogatories, referenced hundreds of pages of production, the majority of which were not responsive to the question posed.   For example, in response to Interrogatory 1, Defendants referenced 395 pages; in response to Interrogatory 2, Defendants referenced 189 pages; in response to Interrogatory 3, Defendants referenced 149 pages; in response to Interrogatory 4, Defendants referenced 954 pages; in response to Interrogatory 5, Defendants referenced 232 pages; in response to Interrogatory 6, Defendants referenced 395 pages; in response to Interrogatory 8, Defendants

referenced 712 pages; and in response to Interrogatory 10, Defendants referenced 189 pages.

34.     After reviewing Defendants' Responses to Plaintiff's First Set of Interrogatories Directed to Defendants and the documents referenced therein, Plaintiff concluded that Defendants have failed to respond fully.   Specifically:

<u>Interrogatory 1</u>

The documents that Defendants reference in response to Interrogatory 1 are not responsive to the question posed, insofar as the documents do not indicate what job classifications Plaintiff was considered and/or applied for during her employment, matters clearly relevant to both claims and defenses in this matter.   *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b); Memorandum of Law at 19.

<u>Interrogatory 2</u>

Rather than answering Interrogatory 2, Defendants only provided some identifying information regarding Sylvia Sweet, Patricia Aldridge, and Colleen Pautler.   First, Defendants' response is incomplete, as it referenced only Plaintiff's immediate supervisors, rather than also including, for example, Richard Koelbl and otherswho had authority to control aspects of Plaintiff's employment.   Furthermore, the documents that Defendants reference in response to Interrogatory 2 are not responsive to the question posed, insofar as the documents do not contain any indication whether any supervisor made oral complaints concerning Plaintiff's performance as an employee.   Thus, Defendants must respond to Interrogatory 2, as it seeks information concerning Plaintiff's employment, which is relevant to both claims and defenses in this matter, as the matter involves Plaintiff's allegations that she suffered illegal discrimination, hostile work environment, and retaliation while working for Alden State Bank.   *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b).

<u>Interrogatory 3</u>

With respect to Interrogatory 3, Plaintiff is entitled to discovery of complaints of discrimination, harassment, retaliation, and/or hostile work environment. Furthermore, the documents that Defendants reference in response to Interrogatory 3 are not responsive to the question posed, insofar as the documents do not reference known complaints made by other employees, including but not limited to Ashley Osucha, Kaitlyn Chadbourne, Jaimie Hey, Danielle Wagner, Carolyn Sue Aldinger, and others, or answer whether there was any discipline imposed as a result of these complaints, including any discipline issued to Richard Koelbl and/or John Koelbl.   Additionally, with respect Julie Osucha's sexual harassment complaint made in 2004, Defendants referenced this complaint only "upon information and belief."   "Upon information and belief" is legally insufficient to demonstrate that Defendants made a reasonable inquiry and diligent search to determine whether Defendants or their agents, servants, or employees had responsive documents.   Thus, Defendants failed to fully respond to Interrogatory 3 regarding this complaint. *See* Memorandum of Law at 20.

Interrogatory 4

Rather than answering Interrogatory 4, Defendants provided personnel files of only six of the 29 relevant employees/witnesses.  Moreover, even with respect to the six employees for whom Defendants did produce documents, these documents fail to respond to Interrogatory 4 insofar as the records contain no training records, performance evaluations, performance improvement plans, performance notations, discipline records, W-2s, Form 1099s, and documents related to bonuses, pensions, 401(k), special bonus, and special pension.  With respect to the employees for whom Defendants provided no response, Defendants must respond to Interrogatory 4, as it seeks information concerning employees relevant to claims and defenses in this matter and are, therefore, proper subjects of an interrogatory.  *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b); Memorandum of Law at 21.

Interrogatory 5

The documents that Defendants reference in response to Interrogatory 5 are not responsive to the question posed, insofar the response acknowledges the existence of but fails to describe and has not produced the following policies: Employee Guide to Information Security; Fair Lending and Non-Discrimination Policy; Fair Lending and New York State Executive Law; New York State Family Medical Leave Act; Internet Access Policy; Witness and Victims of Crime Leave Policy; and Anti-Harassment Policy and Complaint Procedure.  Defendants must respond to Interrogatory 5, as it seeks information concerning Defendants' policies and procedures relevant to claims and defenses in this matter and, therefore, is the proper subject of an interrogatory.  *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b); Memorandum of Law at 21.

Interrogatory 6

The documents that Defendants reference in response to Interrogatory 6 are not responsive to the question posed, insofar they provide no information concerning who participated in the decisions concerning Plaintiff's compensation and raises; the documents created in connection with her compensation and raises; and the dates that Defendants made decisions with respect to Plaintiff's compensation and raises.  Defendants must respond to Interrogatory 6, as it seeks information concerning Defendants' decisions with respect to Plaintiff's compensation and raises, which are integral to the claims and defenses in this matter and, thus, the proper subject of an interrogatory, and are clearly relevant, as the matter involves Plaintiff's allegations that she suffered illegal discrimination and retaliation relative to her compensation and career advancement because of her complaints of harassment, hostile work environment, and discrimination while working for Alden State Bank.  *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b).

Interrogatory 7

With respect to Interrogatory 7, Plaintiff sought responses to a question about identities of witnesses.  Defendants stated no objection but provided an incomplete response.  For example, Defendants are aware, at the very least, that Emina Poricanin, Ashley Osucha, Jaimie Hey, and Elizabeth McPhail are witnesses in this matter but have failed to list them in response to Interrogatory 7; therefore, Defendants' response is incomplete.  Additionally, Defendants have

improperly withheld phone numbers and addresses of the witnesses that it did identify, which will be necessary to issue subpoenas or to seek discovery of phone and text messaging records.   With respect to the very limited witnesses that Defendants did identify, Defendants failed to specify the subject matter that each witness has information regarding, as required under FED. R. CIV. P. 26(a)(1)(A)(i).

## Interrogatory 8

The documents that Defendants reference in response to Interrogatory 8 are not responsive to the question posed, insofar they contain no information or documentation concerning multiple policies.   Defendants must respond to Interrogatory 8, as it seeks information concerning Defendants' policies and procedures relevant to claims, defenses, and available evidence in this matter and, therefore, is the proper subject of an interrogatory.   *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b); Memorandum of Law at 22.

## Interrogatory 10

Finally, the documents that Defendants reference in response to Interrogatory 10 are not responsive to the question posed.   Thus, Defendants must respond to Interrogatory 10, as it seeks information concerning Plaintiff's job performance, which is clearly relevant to both claims and defenses in this matter.   *See* FED. R. CIV. P. 33(a)(2); FED. R. CIV. P. 26(b); Memorandum of Law at 23.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant an Order compelling

Defendants to respond fully to Plaintiff's First Request for Production of Documents to Defendants

and to Plaintiff's First Set of Interrogatories Directed to Defendants.

Dated:  Buffalo, New York
        June 11, 2019

                         *s/Josephine A. Greco*
                         Josephine A. Greco, Esq.