# EXHIBIT D



Josephine A. Greco

Chris G. Trapp

GRECO
TRAPP
P L L C

Earl K. Cantwell, III

Joseph Greco Trapp

Richard C. Slisz, of Counsel

Service by electronic means not accepted

January 27, 2020

***VIA ELECTRONIC MAIL (japter@goldbergsegalla.com)***
***AND HAND DELIVERY***
Julie P. Apter, Esq.
Goldberg Segalla, LLP
665 Main Street
Buffalo, New York 14203

> Re:   Osucha v. Alden State Bank, Richard D. Koelbl and John Koelbl
>        Civil Action No.: 1:17-CV-01026-LJV-HBS
>        Our File: 586-5087

Dear Ms. Apter:

We have received and reviewed the Second Amendment to Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Amended Responses to Plaintiff's First Set of Interrogatories, both dated January 10, 2020, and have determined that they are not in compliance with the Court's Order, dated December 12, 2019 (Dkt. 42). A copy of

As you know, Judge Scott ordered that Defendants must produce all documents related to Defendants' investigation into complaints of sexual harassment made by bank employees against Richard Koelbl and John Koelbl. *See* Dkt. 42 at 14-15. Rather than complying with the Court's Order, Defendants, on or about January 13, 2020, produced only 4 documents (10 pages total) pertaining to Defendants' investigation into complaints of sexual harassment made by bank employees made against Richard Koelbl and John Koelbl. *See* O003682-O003691. Not one of these documents pertain to the <u>facts</u> of this investigation. Evidence submitted on Plaintiff's Motion to Compel demonstrated that the following documents, at least at some point, existed:

- Carolyn Sue Aldinger's typed summaries of interviews with Ashley Osucha and Kaitlyn Chadbourne, created on or about August 13, 2015, which Carolyn Sue Aldinger's gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 7 (Dkt. 29-12); Osucha Aff. ¶ 5 (Dkt. 29-14).

- Handwritten notes taken by Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney during an August 20, 2015 interview of Carolyn Sue Aldinger. *See* Aldinger Aff. ¶¶ 8-9 (Dkt. 29-12).

Julie P. Apter, Esq.
January 27, 2020
Page 2

- Handwritten notes taken by Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney during an August 21, 2015 interview of Plaintiff. *See* Osucha Aff. ¶¶ 13-14 (Dkt. 29-14).

- Carolyn Sue Aldinger's memorandum concerning August 28, 2015 interviews of Jamie Hey and Julie Osucha, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 12 (Dkt. 29-12).

- A September 3, 2015 complaint of Jamie Hey prepared by Carolyn Sue Aldinger, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 13 (Dkt. 29-12).

- A September 11, 2015 memorandum concerning the complaint of Jamie Hey prepared by Carolyn Sue Aldinger, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 14 (Dkt. 29-12).

In fact, Defendants have not produced any document related to the facts of Defendants' investigation. Evidence submitted on Plaintiff's Motion to Compel as well as documents produced by Defendants confirm that Defendants' investigation included at least one interview of each of the following witnesses: Ashley Osucha, Kaitlyn Chadbourne, Jamie Hey, Julie Osucha, Carolyn Sue Aldinger, Richard Koelbl, John Koelbl, Colleen Pautler, Judith Wiltberger, Robin Maier, and Laurie Bradley. *See* Aldinger Aff. ¶ 7; Osucha Aff. ¶ 5; O003686. With respect to these interviews and Defendants' investigation, Defendants have produced no interview notes, factual summaries, memoranda, or conclusions. In comparison, in the documents Defendants have produced relative to an investigation in 2014 against Carolyn Sue Aldinger, in which Hodgson Russ, LLP, was also involved, Defendants have produced exactly these types/categories of documents. *See* A004734-A004755); interview summaries and conclusions (A004756-A004759). Additionally, although Defendants' "Index to Exhibits" indicates that the "Hodgson Russ File (Aldinger)" was produced bearing Bates O004334-O004650, Defendants actually produced these documents bearing Bates A004723-A005039. Please either revise and correct Defendants' "Index to Exhibits" or produce O004334-O004650.

Because Defendants continue to refuse production of all documents related to their investigation into complaints of sexual harassment made by employees against Richard Koelbl and John Koelbl, Defendants' responses to the following Request Nos. remain incomplete: 3, 4, 6, 19, 21, 36, and 47.

With respect to the personnel documents that Defendants have produced—including recently-produced personnel documents of Jamie Hey, Kaitlyn Chadbourne, and Julie Osucha Defendants' document production remains incomplete. For example, the produced records contain no W-2s or Form 1099s, employee yearly calendars, or documents demonstrating additional compensation paid to executive officers.

Additionally, although the Court determined that it would credit the Affidavit of Hilde Neubauer, Esq., sworn to on May 31, 2019 (Dkt. 29-11), with respect to Request Nos.: 18, 22, 23, 24, 25, 33, 43, 48, 49, 50, 53, 54, and 55-89, Request Nos. unresolved: 5, 7, 9-10, 14-17, 26-32,

Julie P. Apter, Esq.
January 27, 2020
Page 3

34-35, 37-42, 44-46, and 51-52 remain unresolved, as Defendants have not produced any additional documents or a party affidavit that no or no further documents exist; therefore, please either produce responsive documents or provide a party affidavit that Defendants have no or no further responsive documents.   We have enclosed a copy of the Declaration submitted in support of Plaintiff's Motion to Compel, which discussed in detail the factual and legal bases pertaining to these requests.

With respect to Interrogatories,

**Interrogatory No. 1.**   The Court determined that Interrogatory No. 1 constitutes a single question.   Defendants' response to Interrogatory No. 1 remains improper.   Specifically, in response to inquiries concerning the positions that Plaintiff has held, applied for, and been considered for, together with a description of job duties, Defendants reference without specification 395 pages, many of which are not specifically responsive to the inquiry.   This is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

**Interrogatory No. 2.**   The Court determined that Interrogatory No. 2 constitutes a single question.   Defendants' response to Interrogatory No. 2 remains improper.   Specifically, in response to inquiries concerning Plaintiff's employee evaluations and whether any complaints existed concerning Plaintiff's job performance, Defendants reference without specification 189 pages, many of which are not specifically responsive to the inquiry.   This is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

**Interrogatory No. 3.**   The Court determined that Interrogatory No. 3 constitutes a single question.   Defendants' response to Interrogatory No. 3 remains improper.   First, Defendants object to the scope of Interrogatory No. 3 despite being ordered by the Court to respond to it. Second, Defendants' response fails to reference known complaints made by Carolyn Sue Aldinger, Kaitlyn Chadbourne, Jaimie Hey, and Danielle Wagner.

**Interrogatory No. 4.**   The Court interpreted Interrogatory No. 4 as posing three distinct inquiries:  identifying information;  descriptions of employment/disciplinary history;  and compensation.   *See* Dkt. 42 at 12.   Despite this, Defendants have not answered any one of these three inquiries and have, instead, simply referenced personnel documents pertaining to Steven Woodard, John Koelbl, Hilde Neubauer, Carolyn Sue Aldinger, Ashley Osucha, Richard Koelbl, Jamie Hey, Kaitlyn Chadbourne, and Julie Osucha, totaling 4,333 pages.   These documents are not responsive to the questions posed, and Defendants' reference to over 4,000 pages of documents is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

**Interrogatory No. 5.**   The Court determined that Interrogatory No. 5 constitutes a single question. Defendants' response to Interrogatory No. 5 remains improper, as Defendant fails to

Julie P. Apter, Esq.
January 27, 2020
Page 4

identify who formulated, implemented, and evaluated the plans and policies identified in Defendant's response.

**Interrogatory No. 6.**  The Court determined that Interrogatory No. 6 constitutes a single question. Defendants' response to Interrogatory No. 6 remains improper.  Rather than responding to the questions posed, Defendants simply referenced 395 pages of unspecified documents.  This is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

**Interrogatory No. 7.**  The Court determined that Interrogatory No. 7 constitutes a single question. Defendants' response to Interrogatory No. 7 remains improper.  Defendants failed to identify all witnesses, and Defendants are aware, at the very least, that Emina Poricanin, Jaimie Hey, and Elizabeth McPhail are potential fact witnesses in this matter.

**Interrogatory No. 10.**  The Court determined that Interrogatory No. 10 constitutes a single question. Defendants' response indicates that Defendants had/have no complaints concerning Plaintiff's job performance.    Please confirm that Plaintiff's interpretation of Defendants' response is accurate.

**Interrogatory No. 11.**  The Court determined that Interrogatory No. 11 constitutes a single question. Defendants' response to Interrogatory No. 11 remains improper.  Despite the Court's determination that Interrogatory No. 11 posed a single question (Dkt. 42 at 13), Defendants have objected and refused to respond to the interrogatory based on Defendants' position that Plaintiff has exceeded the 25 interrogatories allowed under FED. R. CIV. P. 33.  This is patently improper in light of the Court's Order.

## CONCLUSION

We cannot conduct meaningful depositions in this matter until Defendants are in compliance with the Court's Order.  Please consider this letter our good faith attempt to resolve Defendants' failure to comply with Magistrate Judge Scott's Order dated December 12, 2019.  In light of the Court's expedited Third Amended Scheduling/Case Management Order, entered December 12, 2019, please provide the responses as requested above on or before February 3, 2020.

Very truly yours,

GRECO TRAPP, PLLC

Josephine A. Greco

JAG/keg
Enclosure
cc:    Ashley Osucha