**EXHIBIT E**



Julie P Apter | Partner
Direct 716.566.5458 | japter@goldbergsegalla.com

February 12, 2020

Josephine A. Greco, Esq.
Greco Trapp, PLLC
1700 Rand Building
14 Lafayette Square
Buffalo, New York 14203

      **Re:**    **Osucha v. Alden State Bank, et al.**
               **Index No.: 1:17-CV-0024-GWC**
               **GS File No. 165.0013**

Dear Ms. Greco:

      I write in response to your correspondence dated January 27, 2020 regarding your position that the defendants' responses to plaintiff's first request for production of documents and defendants' amended responses to plaintiff's first set of interrogatories are not in compliance with the Court's Order, dated December 12, 2019.

      Plaintiff is correct that Judge Scott ordered that defendants must produce all documents related to defendants' investigation into complaints of sexual harassment made by bank employees. Despite plaintiff's assertions, on January 13, 2020, defendants have fully complied and produced the entirety of the Hodgson Russ file that was provided by counsel at Hodgson Russ in relation to this matter. Defendants produced the entirety of the Hodgson Russ file, bates-stamped O003682-O003691, as it was provided by Hodgson Russ to defense counsel. Those 10 pages were what Hodgson Russ identified to defense counsel as being in relation to the complaints of Ashley Osucha. Defendants do not have any further documents in its possession relating to Hodgson Russ's investigation into complaints of sexual harassment made by bank employees. Thus, there is nothing more for defendants to produce as provided to defendants by Hodgson Russ.

      Assertions made in plaintiff's motion to compel and in the affidavits of Ashley Osucha and Carolyn Sue Aldinger are not to be considered evidence as stated in your correspondence as their recollection of events does not constitute "evidence" during the discovery stage of litigation. As stated previously, defendants cannot produce what simply does not exist. The Court's order stated that "Plaintiff should not have to resort to third party subpoena upon Hodgson Russ to obtain those client reports," and, based on this statement, the entire file provided by Hodgson Russ was produced and Hodgson Russ advised that no further documents exist.

      Documents bates stamped O004334-O004650 are documents that Hodgson Russ identified to defense counsel as being in relation to the lawsuit of Carolyn Sue Aldinger. These same documents were produced in the *Aldinger* matter at A004723-A005039. There is nothing more to produce in this regard as the correct documents were produced bearing the correct bates numbering.

**Office Location:** 665 Main Street, Buffalo, NY 14203-1425 | 716-566-5400    | Fax: 716-566-5401    | www.goldbergsegalla.com
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA | UNITED KINGDOM
25486031.v1

Ms. Greco
February 12, 2020
Page 2

In sum, it is disingenuous for plaintiff to state that defendants refuse production of all documents related to their investigation of complaints of sexual harassment as that is simply not the case. Defendants have produced everything in its possession that was obtained from Alden State Bank as well as Hodgson Russ relating to Hodgson Russ's investigation. Furthermore, there is nothing that is being withheld on the basis of privilege.

With respect to the personnel records of Jamie Hey, Kaitlyn Chadbourne, and Julie Osucha, the complete files were produced. As you are aware, the former HR Director, Carolyn Sue Aldinger, was charged with keeping and maintaining complete personnel files. If documents are missing, it was due to the inaction of Ms. Aldinger in maintaining the files. Regarding the request for W-2's, the W-2s for all Alden State Bank Employees from 2000 to 2019 were produced to plaintiff on January 30, 2020 and were bates stamped O004651-O005406.

With regard to Request Nos. 5, 7, 9-10, 14-17, 26-32, 34-35, 37-42, 44-46, and 51-52, those responses are not unresolved. Defendants fully responded to each and every one of those demands. Defendants incorporates by reference each and every response of the aforementioned document requests herein.

With respect to Interrogatories:

**Interrogatory No. 1**

This interrogatory has been responded to fully. The specific section plaintiff is now objecting to (job history) is information unrelated to a claim of sexual harassment and is within the knowledge of the plaintiff. Therefore, the defendants maintain that they have complied with FRCP Rule 33 in that defendants have provided in sufficient detail the page range that plaintiff should consult in order to locate and to identify the records from which the answer may be ascertained. As such, defendants' response has specified the appropriate documents from which the information sought can be derived.

**Interrogatory No. 2**

This interrogatory has been responded to fully. Defendants have complied with FRCP Rule 33 in that defendants have provided in sufficient detail the page range that plaintiff should consult in order to locate and to identify the records from which the answer may be ascertained. As such, defendants' response has specified the appropriate documents from which the information sought can be derived.

**Interrogatory No. 3**

Defendants redirect plaintiff to defendants' amended response to plaintiff's interrogatories, dated January 10, 2020, which stated the following to supplement the initial response:

"[i]nvestigation of said Complaint was conducted by Hodgson Russ. The documents regarding the investigation received from Hodgson have been produced as bates stamped O003682-O003687

25486031.v1

and O004334-O004650. Last, upon information and belief, during the year 2004, there was an allegation of sexual harassment made by Julie Osucha against an auditor employed by the Bank. As a result of the investigation, the auditor was terminated. Records involving any investigation were not located. It was the responsibility of Carolyn Sue Aldinger to maintain said records during the course of her employment and it is the understanding that Ms. Aldinger failed to keep records and this failure was discovered when defendants searched its personnel files to comply with plaintiff's interrogatories."

### Interrogatory No. 4

Defendants have complied with FRCP Rule 33 in that defendants have provided in sufficient detail the page range that plaintiff should consult in order to locate and to identify the records from which the answer may be ascertained. As such, defendants' response has specified the appropriate documents from which the information sought can be derived. The Court directed defendants to answer Interrogatory number 4 to specific employees, not all employees. The employees personnel files were referenced by specific page numbers. The requested responses were clearly set forth in each personnel file and it is appropriate to respond by directing counsel to the limited pages referenced.

### Interrogatory No. 5

Defendants fully incorporate by reference their response to plaintiff to defendants' amended responses to plaintiff's interrogatories, dated January 10, 2020, which details programs, plans and policies of Alden State Bank which are designed to prevent, minimize the risk of, or remedy discrimination, hostile work environment, and/or retaliation at any of the bank's location.

The policies and procedures listed were prepared by bank management. All policies with human resource issues are reviewed by Hodgson Russ (who will recommend changes and additions that are implemented by bank management) prior to being approved by the Board of Directors. All policies are approved by the Board of Directors on an annual basis. This includes the employee handbook.

### Interrogatory No. 6

Defendants have complied with FRCP Rule 33 in that defendant has provided in sufficient detail the page range that plaintiff should consult in order to locate and to identify the records from which the answer may be ascertained. As such, defendants' response has specified the appropriate documents from which the information sought can be derived.

### Interrogatory No. 7

Defendants redirect plaintiff to defendants' amended response to plaintiffs interrogatories, dated January 10, 2020, which stated the following witnesses:

Plaintiff Carolyn Sue Aldinger

Ms. Greco
February 12, 2020
Page 4

        Chairman of the Board Richard Koelbl
        Bank Vice President and Chief Lending Officer John Koelbl
        Bank President and Chief Executive Officer Steven Woodard
        Bank Compliance Officer Hilde Neubauer
        Bank Assistant Vice President Colleen Pautler
        Bank Assistant Branch Manager Tracy McMaster
        Bank Employee Julie Osucha
        Bank Employee Robin Maeir

Plaintiff cannot direct and/or comment on how defendants should answer interrogatories directed to them. Additionally, the purpose of disclosure is to avoid surprise by either party. Plaintiff appears to be directing the defendants to state who "all possible witnesses" may be. Defendants have disclosed those witnesses they intend to call at a trial. Should additional witnesses be called, timely disclosure will be made.

### Interrogatory No. 10

Defendants redirect plaintiff to defendants' amended response to plaintiffs interrogatories, dated January 10, 2020, which stated that "[p]laintiff has performed well at her position and earned her promotion to Head Teller, as documented in her personnel file (O000633-O000822). Defendants will rely on this record in assessing the plaintiff's job performance. It was the responsibility of Carolyn Sue Aldinger to maintain said records during the course of her employment and it is the understanding that Ms. Aldinger failed to keep records and this failure was discovered when defendants searched its personnel files to comply with plaintiff's interrogatories. As such, defendants will not and cannot affirmatively state that defendants did not ever have any complaints concerning plaintiff's job performance.

### Interrogatory No. 11

The defendants will supplement the response to Interrogatory Number 11 to address all defenses. The response will be submitted under separate cover shortly and in sufficient time to allow plaintiff to review prior to depositions, which we maintain should be scheduled at this time.

                                        Very truly yours,

                                        Julie P Apter

JPA:las

cc:      Hilde Neubauer (*via email*)
          Steven Woodard (*via email*)
          Sarah M. Washington, Esq. (*via email*)