UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASHLEY OSUCHA,

                Plaintiff,

    v.                                  Civil No.  1:17-CV-01026-LJV-HBS

ALDEN STATE BANK,
RICHARD KOELBL,
JOHN KOELBL

                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH THIS COURT'S ORDER DATED DECEMBER 12, 2019 (DKT. 42) AND FOR AN AWARD OF FEES PURSUANT TO RULE 37(b)(2)(C)**

DATED:      February 26, 2020
                  Buffalo, New York

                                                    Josephine A. Greco, Esq.
                                                    Earl K. Cantwell, III, Esq.
                                                      Greco Trapp, PLLC
                                                      Attorneys for Plaintiff
                                                      1700 Rand Building
                                                      14 Lafayette Square
                                                      Buffalo, New York 14203
                                                      Tel: (716) 856-5800
                                                      E-mail:  jgreco@grecolawyers.com

## BACKGROUND

Plaintiff, Ashley Osucha (hereinafter "Plaintiff"), brings this action against Defendants, Alden State Bank, Richard Koelbl, and John Koelbl (collectively "Defendants"), alleging violations of Title VII and the New York State Human Rights Law. On June 11, 2019, Plaintiff filed a Motion to Compel (Dkt. 29), which sought the Court's intervention relative to Defendants' failure to respond fully to Plaintiff's First Request for Production of Documents to Defendants and Plaintiff's First Set of Interrogatories Directed to Defendants. The Declaration of Josephine A. Greco, Esq., dated June 11, 2019 (Dkt. 29-1), submitted in support of Plaintiff's Motion to Compel, discussed at length the factual and legal bases entitling Plaintiff to production of broad categories of documents that Defendants have failed to produce. For the Court's convenience, the Declaration of Josephine A. Greco, Esq., dated June 11, 2019, is attached as Exhibit A (all Exhibit references are to Exhibits attached to the Declaration of Josephine A. Greco, Esq., dated February 26, 2020). On December 12, 2019, the Court issued an Order granting in part and denying in part Plaintiff's Motion to Compel (Dkt. 42).

Following the Court's Order, Defendants served on Plaintiff their Second Amendment to Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Amended Responses to Plaintiff's First Set of Interrogatories, both dated January 10, 2020. *See* Exhibits B & C, respectively. As more fully discussed below, Defendants' Second Amendment to Defendants' Responses to Plaintiff's First Request for Production of Documents and Defendants' Amended Responses to Plaintiff's First Set of Interrogatories are not in compliance with the Court's December 12, 2019 Order.

Following the Court's Order, Defendants produced only the following additional documents:

| | |
|---|---|
| **Portions of documents that had been held by Hodgson Russ, LLP, relative to Ashley Osucha (10 pages total)** | O003682-O003691 |
| **Personnel File of Jamie Hey** | O003692-O003982 |
| **Personnel File of Kaitlyn Chadbourne** | O003983-O004120 |
| **Personnel File of Julie Osucha** | O004121-O004333 |
| **Portions of documents that had been held by Hodgson Russ, LLP, relative to Carolyn Sure Aldinger** | O004334-O004650 |

After reviewing this document production, it was determined that Defendants had not produced documents subject to the Court's Order on Plaintiff's Motion to Compel. On January 27, 2020, Plaintiff wrote to Defendants in good faith and advised that Defendants had failed to produce documents compelled under the Court's December 12, 2019 Order. *See* Exhibit D. Thereafter, on January 30, 2020, Defendants produced W2s for Alden State Bank's employees, 2000-2019 (O004651-O005406). Then, in a letter dated February 12, 2020, Defendants responded to Plaintiff's January 27, 2020 good faith letter and took the position, without producing any additional documents, that Defendants are in compliance with the Court's Order. *See* Exhibit E For the reasons discussed below, Defendants are not in compliance with the Court's Order, and Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Defendants' compliance with that Order and grant Plaintiff an award of fees relative bringing this motion, pursuant to Rule 37(b)(2)(C).

**ARGUMENT**

 1. <u>Defendants continue to fail to produce documents related to their investigation into allegations of sexual harassment made against Richard Koelbl and John Koelbl.</u>

The Court's December 12, 2019 Order (Dkt. 42 at 14-15) discussed in detail Defendants' obligation to produce to Plaintiff all documents related to the investigation into allegations of sexual harassment by Alden State Bank employees—including Plaintiff—made against Richard Koelbl and John Koelbl, including those documents created by and/or in the possession of Hodgson Russ, LLP.  The Court ordered Defendants to produce all investigation-related documents, stating "[t]hose files are to be produced."  Dkt. 42 at 14 (emphasis omitted).  In Defendants' own words, the Court's holding was that "Plaintiff is correct that Judge Scott ordered that defendants must produce all documents related to defendants' investigation into complaints of sexual harassment made by bank employees."  Exhibit E.

Additionally, the Court held that Defendants had waived privileges relative to investigation-related documents and that it did not accept statements contained in the Affidavit of Hilde Neubauer, sworn to on May 31, 2019 (Dkt. 29-11) (hereinafter "Neubauer Affidavit") relative to these documents.  Specifically, the Court held that Defendants, in asserting the *Ellerth/Faragher* defense, waived claims of attorney-client and work product privileges.  *See* Dkt. 42 at 14.  The Court also rejected the Neubauer Affidavit where it represented that Defendants had no further investigation-related documents.  *See* Dkt. 42 at 15.  In fact, the Court went so far as to issue this warning to Defendants: "Defendants are advised that [if] no 'additional' or 'new' materials are found that were not produced they run the risk of preclusion or other sanction for not turning them over earlier."  *Id*.

Despite the Court's Order and this warning, Defendants have produced **only ten** pages relative to Alden State Bank's investigation into employees' complaints of sexual harassment

3

made against Richard Koelbl and John Koelbl. *See* Exhibit F. Moreover, the ten pages produced by Defendants do not contain any of the documents specifically identified by Plaintiff as created in her presence during Defendants' investigation or any of the documents identified by another Alden State Bank employee, Carolyn Sue Aldinger, as either created by her or in her presence in the context of Defendants' investigation. Specifically, evidence submitted on Plaintiff's Motion to Compel demonstrates that the following documents, at least at some point, existed:

- Carolyn Sue Aldinger's typed summaries of interviews with Plaintiff and Kaitlyn Chadbourne, created on or about August 13, 2015, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Osucha Aff. ¶ 5 (Dkt. 29-14); Aldinger Aff. ¶ 7 (Dkt. 29-12);

- Handwritten notes taken by Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney during an August 20, 2015 interview of Carolyn Sue Aldinger. *See* Aldinger Aff. ¶¶ 8-9 (Dkt. 29-12).

- Handwritten notes taken by Emina Poricanin, Esq., a Hodgson Russ, LLP, attorney during an August 21, 2015 interview of Plaintiff. *See* Osucha Aff. ¶¶ 13-14 (Dkt. 29-14).

- Carolyn Sue Aldinger's memorandum concerning August 28, 2015 interviews of Jamie Hey and Julie Osucha, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 12 (Dkt. 29-12).

- A September 3, 2015 complaint of Jamie Hey prepared by Carolyn Sue Aldinger, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 13 (Dkt. 29-12).

- A September 11, 2015 memorandum concerning the complaint of Jamie Hey prepared by Carolyn Sue Aldinger, which Carolyn Sue Aldinger gave to Hilde Neubauer, Esq., Vice President/Compliance Officer/General Counsel. *See* Aldinger Aff. ¶ 14 (Dkt. 29-12).

Defendants, however, have not produced a single one of the above-referenced documents, some which constitute Plaintiff's own statements. In fact, Defendants have not produced any document related to the facts of Defendants' investigation. Evidence submitted on Plaintiff's Motion to Compel as well as documents produced by Defendants confirm that Defendants' investigation included at least one interview of each of the following witnesses: Kaitlyn Chadbourne, Jamie Hey, Julie Osucha, Carolyn Sue Aldinger, Richard Koelbl, John Koelbl,

4

Colleen Pautler, Judith Wiltberger, Robin Maier, Laurie Bradley, and Plaintiff. *See* Aldinger Aff. ¶ 7 (Dkt. 29-12); Osucha Aff. ¶ 5 (Dkt. 29-14); Exhibit F. With respect to these interviews and Defendants' investigation, Defendants have produced no interview notes, factual summaries, memoranda, or conclusions. In comparison, with respect to an investigation in 2014 against Carolyn Sue Aldinger, a witness favorable to Plaintiff, in which Hodgson Russ, LLP, was also involved, Defendants have produced exactly these types/categories of documents. *See* Exhibit G (handwritten notes/interview notes (O004345-O004366); interview summaries and conclusions (O004367-O004370)). It is not possible that such documents would not have been produced relative to an investigation involving significant allegations of sexual harassment made against Richard Koelbl and John Koelbl, the two highest-ranking Alden State Bank executives.

As noted above, the documents Defendants did produce—only four documents totalling 10 pages—contain no reference to any facts relative to Defendants' investigation into complaints of sexual harassment made against Richard Koelbl and John Koelbl. These documents are attached as Exhibit F and are the following:

- **Questions for Dick/Questions for Jack** (Exhibit F at O003688). This document only lists questions for interviews of Richard Koelbl and John Koelbl. Defendants produced no notes, summaries, or conclusions relative to these interviews. Moreover, Defendants have not produced any similar interview question lists relative to Kaitlyn Chadbourne, Jamie Hey, Julie Osucha, Carolyn Sue Aldinger, Colleen Pautler, Judith Wiltberger, Robin Maier, Laurie Bradley, or Plaintiff, each who were interviewed at least once during Defendants' investigation, and Defendants have produced no notes, summaries, or conclusions relative to these interviews.

- **Alden State Bank – Meeting Agenda, August 25, 2015** (Exhibit F at O003686-O003687). This document confirms that Defendants conducted interviews on August 20 and 25, 2015; however, as noted above, Defendants have produced no documents relative to these interviews. Additionally, this documents indicates that there were "[f]indings of the investigation"; Defendants have produced no such findings.

- **Memorandum from Elizabeth Carolson, Esq., dated September 1, 2015** (Exhibit F at O003682-O003685). This document contains no facts concerning Defendants' investigation.

5

- **Memorandum from Emina Poricanin, Esq., dated September 22, 2015** (Exhibit F at O003689-O003691).  This document contains no facts concerning Defendants' investigation.

The above demonstrates that Defendants are not in compliance with the Court's December 12, 2019 Order (Dkt. 42) with respect to documents relating to Defendants' investigation into complaints of sexual harassment made against Richard Koelbl and John Koelbl.  Factually, **notes were taken**.  If these notes no longer exist, Plaintiff is entitled to sworn statements from Defendants and their attorneys, Hodgson Russ, LLP, setting forth the chain of custody and circumstances surrounding the destruction of such notes.  This is necessary so that there is no misunderstanding relative to investigation-related documents, such as what happened to them— were they destroyed, were they given to someone, etc.  Once this has been established, Plaintiff will seek the appropriate relief for spoliation/destruction of evidence.

    2.    <u>The Second Amendment to Defendants' Responses to Plaintiff's First Request for Production of Documents does not resolve many outstanding requests.</u>

The Court's December 12, 2019 Order stated that the Court accepted the statements contained in the Neubauer Affidavit "save the Hodgson Russ materials," (Dkt. 42 at 15), which Plaintiff has discussed above.  The Neubauer Affidavit, however, addressed only Request Nos.: 18, 22, 23, 24, 25, 33, 43, 48, 49, 50, 53, 54, and 55-89.  It did not address or make any reference to Request Nos. 5, 7, 9-10, 14-17, 26-32, 34-35, 37-42, 44-46, or 51-52, which, therefore, remain unresolved.  Additionally, following the Court's Order, Defendants have not produced any additional documents relative to these requests or a party affidavit averring that Defendants have no or no further responsive documents.  Plaintiff's Motion to Compel (Dkt. 29) thoroughly addressed Plaintiff's entitlement to production of such documents, and Defendants must supplement their responses in order to comply with the Court's December 12, 2019 Order.

3. <u>Defendants' Amended Responses to Plaintiff's First Set of Interrogatories are not in compliance with the Court's Order.</u>

The Court conducted an analysis of Plaintiff's First Set of Interrogatories Directed to Defendants in terms of both number of interrogatories and substance. *See* Dkt. 42 at 11-2. Following the Court's December 12, 2019 Order, however, Defendants did not provide adequate responses, as discussed below.

*Interrogatory No. 1.* The Court identified that Interrogatory No. 1 "seeks information about plaintiff's employment with defendant Bank" and constitutes a single question. Dkt. 42 at 12. Defendants' response to Interrogatory No. 1 remains improper. Specifically, in response to inquiries concerning the positions that Plaintiff has held, applied for, and been considered for, together with a description of job duties, Defendants reference without specification 395 pages, many of which are not specifically responsive to the inquiry. This is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Defendants are incorrect in contending that Interrogatory No. 1 seeks irrelevant information. First, Defendants misstate the scope of this litigation in arguing that such information "is information unrelated to a claim of sexual harassment" (Exhibit E), as Defendants fail to acknowledge that the Complaint contains causes of action also sounding in sex discrimination and retaliation. Moreover, this information is relevant to Plaintiff's claims, as the Complaint alleges that Plaintiff did not pursue promotions into certain positions at Alden State Bank because the positions would have placed her in more direct contact with sexual harassers Richard Koelbl and John Koelbl. *See* Dkt. 1 ¶ 40.

*Interrogatory No. 2.* The Court identified that Interrogatory No. 2 seeks information about Plaintiff's supervisors and constitutes a single question. Dkt. 42 at 12. Defendants' response to

7

Interrogatory No. 2 remains improper. Specifically, in response to inquiries concerning Plaintiff's employee evaluations and whether any complaints existed concerning Plaintiff's job performance, Defendants reference without specification 189 pages, many of which are not specifically responsive to the inquiry. This is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

*Interrogatory No. 3.* The Court identified that Interrogatory No. 3 "ask[s] about defendant's discrimination complaints, with subparts as to the details of each complaint" and constitutes a single question. Dkt. 42 at 12. Defendants' response to Interrogatory No. 3 remains improper. First, Defendants object to the scope of Interrogatory No. 3 despite being ordered by the Court to respond to it. Second, Defendants' response fails to reference known complaints made by Carolyn Sue Aldinger, Kaitlyn Chadbourne, Jaimie Hey, and Danielle Wagner. The documents that Defendants reference in response to this interrogatory are, therefore, also insufficient, as such documents make no reference to these employees' known complaints.

*Interrogatory No. 4.* The Court interpreted Interrogatory No. 4 as posing three distinct inquiries: identifying information; descriptions of employment/disciplinary history; and compensation. *See* Dkt. 42 at 12. Despite this, Defendants have not answered any one of these three inquiries and have, instead, simply referenced personnel documents pertaining to Steven Woodard, John Koelbl, Hilde Neubauer, Carolyn Sue Aldinger, Ashley Osucha, Richard Koelbl, Jamie Hey, Kaitlyn Chadbourne, and Julie Osucha, totaling 4,333 pages. These documents are not responsive to the questions posed, and Defendants' reference to over 4,000 pages of documents is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

*Interrogatory No. 5.* The Court determined that Interrogatory No. 5 constitutes a single question. Dkt. 42 at 13. Defendants' response to Interrogatory No. 5 remains improper, as Defendants fail to identify who formulated, implemented, and evaluated the plans and policies identified in Defendant's response. In Defendants' February 12, 2020 letter, opposing counsel states with respect to this issue:

> The policies and procedures were prepared by bank management. All policies with human resource issues are reviewed by Hodgson Russ (who will recommend changes and additions that are implemented by bank management) prior to being approved by the Board of Directors. All policies are approved by the Board of Directors on an annual basis. This includes the employee handbook.

Exhibit E. Opposing counsel's response to this interrogatory is improper, as she attempts to serve as a fact witness relative to the formulation of Defendants' policies. Under FED. R. CIV. P. 33(b)(1), the party must respond to the interrogatory under oath, and the attorney's signature relates only to the objections. Thus, Defendants have not responded to this interrogatory under the Rules.

*Interrogatory No. 6.* The Court identified that Interrogatory No. 6 "asks about plaintiff's pay raise decisions, with subparts identifying those involved in the process, documents created or used to make those decisions, and the date decisions were made" and constitutes a single question. Dkt. 42 at 13. Defendants' response to Interrogatory No. 6 remains improper. Rather than responding to the questions posed, Defendants simply referenced 395 pages of unspecified documents. This is not proper under FED. R. CIV. P. 33(d)(1), which provides that a party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

*Interrogatory No. 7.* The Court identified that Interrogatory No. 7 "asks for directory information for witnesses, with subparts identifying the classes of witnesses plaintiff wants identified" and constitutes a single question. Dkt. 42 at 13. Defendants' response to Interrogatory

9

No. 7 remains improper. Defendants failed to identify all witnesses, and Defendants are aware, at the very least, that Emina Poricanin, Jaimie Hey, and Elizabeth McPhail are potential fact witnesses in this matter. With respect to the attorney witnesses—Emina Poricanin and Elizabeth McPhail—identification of these witnesses is proper in light of the Court's determination that Defendants have waived both attorney-client and work product privileges relative to their investigation in employee's complaints of sexual harassment made against Richard Koelbl and John Koelbl. *See* Dkt. 42 at 14-15. Additionally, Defendants' response is, admittedly, incomplete, as Defendants have identified only "those witnesses they intend to call at trial." Exhibit E. This interrogatory, however, asked Defendants to identify "each and every witness" known to Defendants so that Plaintiff could identify the scope of possible witnesses and those who may have discoverable information.

*Interrogatory No. 10.* The Court determined that Interrogatory No. 10 constitutes a single question. Dkt. 42 at 13. Defendants' response indicates that Defendants had/have no complaints concerning Plaintiff's job performance. In Plaintiff's good faith letter, she asked that Defendants confirm this. In response, however, opposing counsel, again serving as an improper fact witness, stated the following:

> It was the responsibility of Carolyn Sue Aldinger to maintain said records during the course of her employment and it is the understanding that Ms. Aldinger failed to keep records and this failure was discovered when defendants searched its personnel files to comply with plaintiffs interrogatories. As such, defendants will not and cannot affirmatively state that defendants did not ever have any complaints concerning plaintiff's job performance.

Exhibit E. First, there is no basis for this position, and Defendants fail to identify even one documents that they cannot produce as the result of Carolyn Sue Aldinger's alleged failure to maintain such records. Second, opposing counsel, in response to this interrogatory, is serving as

10

a fact witness relative to Defendants' personnel documents, rendering the response improper under FED. R. CIV. P. 33(b)(1).

*Interrogatory No. 11.* The Court determined that Interrogatory No. 11 constitutes a single question. Dkt. 42 at 13. Defendants' response to Interrogatory No. 11 remains improper. Despite the Court's determination that Interrogatory No. 11 posed a single question (Dkt. 42 at 13), Defendants have objected and refused to respond to the interrogatory based on Defendants' position that Plaintiff has exceeded the 25 interrogatories allowed under FED. R. CIV. P. 33. This is patently improper in light of the Court's Order. Then, in Defendants' February 12, 2020 letter, Defendants acknowledge their obligation to respond, stating:

> The defendants will supplement the response to Interrogatory Number 11 to address all defenses. The response will be submitted under separate cover shortly and in sufficient time to allow plaintiff to review prior to depositions, which we maintain should be scheduled at this time.

As of the date of this Motion, however, Defendants have not submitted the supplementary response referenced. In light of the Court's expedited Third Amended Scheduling Order (Dkt. 42 at 16), which requires discovery to conclude on March 30, 2020, Defendants' delay in responding to this interrogatory has already deprived Plaintiff of the opportunity to meaningfully review the bases for Defendants' 21 Affirmative Defenses prior to depositions. Thus and as addressed in the Court's December 12, 2019 Order, Defendants must respond immediately to this interrogatory.

4. <u>Based on Defendants' non-compliance with the Court's December 12, 2020 Order, Plaintiff is entitled to recover from Defendants attorneys' fees associated with bringing the instant motion.</u>

Based on the above, Plaintiff has demonstrated that Defendants have not complied with and, despite Plaintiff's best efforts, refuse to comply with the Court's Order relative to Plaintiff's Motion to Compel. Although Rule 37(a)(5)(A) provided for payment of expenses with Plaintiff's initial Motion to Compel, Plaintiff did not actively pursue this relief. Now, however, Rule

37(b)(2)(C) further provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Thus, while an award of attorneys' fees is discretionary in connection with successfully <u>bringing</u> a motion to compel (*see* Rule 37(a)(5)(A)), an award of attorneys' fees is <u>mandatory</u> where, like here, a party fails to obey a prior court order relative to discovery (*see* Rule 37(b)(2)(C)).  *See Kandey Co., Inc. v. Barbera*, No. 11CV478A, 2012 WL 3838179, *2 (W.D.N.Y. Sept. 4, 2012).  Thus, Plaintiff seeks recovery of fees associated with the instant motion pursuant to Rule 37(b)(2)(C).  Should the Court grant Plaintiff's Motion to Compel, Plaintiff's fee application to the Court would seek fees in connection with the motion, as calculated using the lodestar method.  S*ee Kandey Co., Inc.*, 2012 WL 3838179 at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant an Order compelling Defendants to comply with the Court's December 12, 2019 Order and granting an award of fees pursuant to FED. R. CIV. P. 37(b)(2)(C), together with such other and further relief as the Court deems just and proper.

DATED:    February 26, 2020
          Buffalo, New York

<u>*s/Josephine A. Greco*</u>
Josephine A. Greco, Esq.
Earl K. Cantwell, III, Esq.
Greco Trapp, PLLC
Attorneys for Plaintiff
1700 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel: (716) 856-5800

12

E-mail:  jgreco@grecolawyers.com