UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ASHLEY OSUCHA, | **ATTORNEY AFFIDAVIT** |
| Plaintiff, | Civil Action No.: 1:17-CV-01026-LJV-HBS |
| -vs- | |
| ALDEN STATE BANK, RICHARD D. KOELBL, JOHN KOELBL, | |
| Defendants. | |

_____

STATE OF NEW YORK        )
                                            )   SS.:
COUNTY OF ERIE           )

JULIE P. APTER, ESQ., being duly sworn deposes and says:

1. I am an attorney at law duly licensed to practice in the State of New York and before the Federal Court for the Western District of New York, am a member of the law firm of Goldberg Segalla LLP, attorneys for Defendant, ALDEN STATE BANK, and as such, am fully familiar with the facts and circumstances set forth herein.

2. I submit this affidavit in opposition to Plaintiff's Motion to Compel Defendants' compliance with this Court's order, dated December 12, 2019 (Dkt.42) and for an award of fees pursuant to Rule 37 (b)(2)(C).

3. Alden State Bank has produced <u>5,406 pages</u> of responsive material in response to Plaintiff's discovery requests and demands. Defendants have engaged in good faith throughout the discovery process. As additional responsive documents have been discovered by the bank, they have been produced to Plaintiff.

4. For reasons stated herein and more fully in the accompanying memorandum of law, this Court should deny Plaintiff's Motion to Compel because Defendants have fully complied with this Court's prior order, dated December 12, 2019 (Dkt.42), and as such an award of attorney's fees is unwarranted. This Court should find that Defendants have disclosed all responsive documents in their possession that they are required to disclose to Plaintiff.

### ALDEN STATE BANK HAS FULLY COMPLIED WITH THIS COURT'S ORDER, DATED DECEMBER 12, 2019 (DKT.42)

5. In good faith, Alden State Bank has produced <u>5,406 pages</u> of documents to plaintiff.

6. After this Court granted in part and denied in part Plaintiff's Motion to Compel, Defendants produced <u>1,725 pages</u> of additional documents. Additionally, Defendants supplemented their Interrogatory responses as ordered by this Court.

7. Compliance with the Court order granting in part and denying in part the motion to compel was timely made within thirty (30) days of the Order. Attached hereto as **Exhibit A** is the cover letter to Plaintiff's counsel, dated January 13, 2020.

8. Enclosed with Defendant's cover letter, dated January 13, 2020 were Defendants' Amended Responses to Plaintiff's Interrogatories and Defendants' Second Amended Responses to Demand for Production. Attached hereto as **Exhibit B** are Defendants' Amended Responses to Plaintiff's Interrogatories, dated January 10, 2020 and Defendants' Second Amended Responses to Demand for Production, dated January 10, 2020.

9. On January 13, 2020, your deponent also sent an email to plaintiff's counsel, which contained a Sharefile link with the additional document disclosure. Attached hereto as **Exhibit C** is a copy of the email sent to plaintiff's counsel on January 13, 2020.

10. Following this Court's Order, Defendants produced the following:

| | |
|---|---|
| Hodgson Russ File (Osucha) | O003682-O003691 |
| Personnel file of Jamie Hey | O003692- O003982 |
| Personnel File of Kaitlyn Chadbourne | O003983-O004120 |
| Personnel File of Julie Osucha | O004121-O004333 |
| Hodgson Russ File (Aldinger) | O004334-O004650 |
| Alden State Bank 2000 W-2s | O004651-O004699 |
| Alden State Bank 2001 W-2s | O004700-O004751 |
| Alden State Bank 2002 W-2s | O004752-O004798 |
| Alden State Bank 2003 W-2s | O004799-O004844 |
| Alden State Bank 2004 W-2s | O004845-O004900 |
| Alden State Bank 2005 W-2s | O004901-O004942 |
| Alden State Bank 2006 W-2s | O004943- O004988 |
| Alden State Bank 2007 W-2s | O004989-O005027 |
| Alden State Bank 2008 W-2s | O005028-O005068 |
| Alden State Bank 2009 W-2s | O005069-O005107 |

| | |
|---|---|
| Alden State Bank 2010 W-2s | O005108-O005145 |
| Alden State Bank 2011 W-2s | O005146-O005183 |
| Alden State Bank 2012 W-2s | O005184-O005216 |
| Alden State Bank 2013 W-2s | O005217-O005252 |
| Alden State Bank 2014 W-2s | O005253-O005290 |
| Alden State Bank 2015 W-2s | O005291-O005329 |
| Alden State Bank 2016 W-2s | O005330-O005350 |
| Alden State Bank 2017 W-2s | O005351-O005369 |
| Alden State Bank 2018 W-2s | O005370-O005388 |
| Alden State Bank 2019 W-2s | O005389-O005406 |

11. Since discovery has commenced in this matter, Defendants have made every effort to comply with the requests for what they deem to be responsive and discoverable. After this Court's order, dated December 12, 2009, Defendants fully complied with the Order based on what records could be located.

12. It is worth noting that it is Defendants' position in another lawsuit that the bank is defending, *Aldinger v. Alden State Bank*, Index No: 1:17-cv-01024-GWC, that Carolyn Sue Aldinger, who was the Branch Administration/Human Resources/Security Officer at Alden State Bank during the times of the alleged sexual harassment in the instant matter before this Court,

failed to keep and maintain many of the records, which are now being sought despite it being her job to keep and maintain such files. It was discovered by Alden State Bank after Ms. Aldinger's termination that she did not keep records as required.

13. Ms. Aldinger's failure to keep and maintain records, as part of her job, is one of the main reasons that disclosure has been so difficult.

14. Despite this difficulty, Defendants have produced what this Court has ordered with respect to what exists, and continues to work with Plaintiff's counsel in an attempt to schedule depositions.

15. In light of the foregoing, Defendants have fully responded to all requests made involving materials in its possession. Further, Defendants have produced all documents that are responsive and relevant to the litigation before this Court.

## DEFENDANTS HAVE PRODUCED EVERYTHING IN THEIR POSSESSION RELATED TO HODGSON RUSS'S INVESTIGATION OF COMPLAINTS OF SEXUAL HARASSMENT

16. Included Defendant's supplemental production, dated January 13, 2020, was the complete Hodgson Russ file in existence and as Ordered by the Court. Additionally, your deponent disclosed Hodgson Russ's file in *Aldinger v. Alden State Bank*, which is a separate matter that the bank is defending. The purpose was to provide all investigative material to Plaintiff that bore her name in the file.

17. Defendants have produced everything that Hodgson Russ has produced to them in regards to the investigation of sexual harassment including notes regarding the *Osucha* matter and the *Aldinger* matter, which encompassed 25 pages.

18.     Plaintiff takes issue with the amount of pages produced from Hodgson Russ's investigation, however that is what was produced and provided to defense counsel by Hodgson Russ.

19.     This Court ordered that Defendants were to produce the Hodgson Russ investigation materials and Defendants have complied and done just that.

20.     Simply put, Defendants cannot produce what they do not have. Nothing is being withheld on the basis of privilege. Everything that was provided by Hodgson Russ to defense counsel was produced to Plaintiff's counsel.

### DEFENDANTS HAVE ADEQUATELY RESPONDED TO PLAINTIFF'S INTERROGATORIES AS DIRECTED BY THIS COURT

21.     Defendants have adequately responded to plaintiff's interrogatories as directed by this Court.

22.     Following this Court's order, dated December 12, 2019, Defendants served Plaintiff with Defendants' Amended Responses to Plaintiff's Interrogatories, dated January 10, 2020. *See* **Exhibit B**.

23.     On March 20, 2020, Defendants further amended their responses to Plaintiff's First Set of Interrogatories to provide a response to Interrogatory Number 11, which requested that Defendants set the factual basis for each of Defendants' Affirmative Defenses. A copy of Defendants' Amended Responses to Plaintiff's Interrogatories, dated March 20, 2020 is attached hereto as **Exhibit D**.

24.     Importantly, Plaintiff's counsel failed to contact defense counsel, in good faith, regarding the status of Defendants' response to Interrogatory Number 11 before bringing the instant motion and seeking judicial intervention.

25. Despite Plaintiff's counsel's failure to do so, Defendant has now provided Plaintiff with the factual basis for each of Defendants' Affirmative Defenses.

### THIS COURT SHOULD FIND THAT PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES

26. As more fully discussed in the accompanying Memorandum of Law, an award of attorney's fees in favor of Plaintiff is not appropriate as Defendants have fully complied with this Court's prior order, dated December 12, 2019, by producing all responsive documents in its possession and by serving amended interrogatory responses.

27. Based on the above, and the legal arguments set forth in the accompanying Memorandum of law, it is respectfully requested that this Court issue an Order denying in entirety Plaintiff's Motion to Compel, which seeks an award of attorney's fees.

WHEREFORE, it is respectfully requested that upon good cause, this Court should deny Plaintiff's Motion to Compel as Defendants have fully complied with this Court's prior order, dated December 12, 2019 (Dkt.42), and as such, this Court should deny an award of attorney's fees, together with whatever other relief this Court deems just and proper.

*s/ Julie P. Apter*  
JULIE P. APTER

Subscribed and sworn to before me
this 20th day of March, 2020.

*s/ Linda A. Siers*
LINDA A. SIERS
Notary Public, State of New York
Qualified in Erie County
My Commission Expires December 9, 2022
Reg. No. 01S1507015