Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ASHLEY OSUCHA,

                Plaintiff,

-vs-                                              Case No. 1:17-CV-01026-LJV-HBS

ALDEN STATE BANK,
RICHARD D. KOELBL, and
JOHN KOELBL,

                Defendants.

---

## DEFENDANTS' SECOND AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The Defendants, ALDEN STATE BANK, RICHARD D. KOELBL and JOHN KOELBL (hereinafter referred to as "Answering Defendants"), for their Second Amended Responses to the Plaintiff's First Set of Interrogatories, state as follows:

### PRELIMINARY STATEMENT

It should be noted that the Answering Defendants have not fully completed investigation of the facts relating to the case, have not fully completed discovery, in this action, and have not completed preparation for trial. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to the Answering Defendants and disclose only those contentions which presently occur to the Answering Defendants. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following

discovery responses are given without prejudice to the Answering Defendants' right to produce evidence of any subsequently discovered fact or facts which the Defendants may later develop.

The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Answering Defendants in relation to further discovery, research or analysis.

These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the request were asked of, or any statements contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that a defendant has answered any request should not be taken as an admission that the defendant accepts or admits the existence of any facts set forth or assumed by such request or that such response constitutes admissible evidence. The fact that a defendant has answered part or all of any request is not intended and shall not be construed to be a waiver by the defendant of all or any part of any objection to any request made by defendant.

The Answering Defendants will, during the course of this litigation, pursue extensive formal discovery, as well as extensive investigation and informal discovery on his own. Therefore, without suggesting or implying any interest to respond less than fully to the requests propounded, the Answering Defendants must point out that his answers are of necessity of a somewhat preliminary nature and that the full factual basis concerning this matter is yet to be developed with

complete precision.  The following responses are based upon information presently available to the Answering Defendants and are made without prejudice to the Answering Defendants' right to utilize subsequently discovered facts.

Each and every date stated in response to any request is hereby represented as being approximate, not precise.

Each and every statement of fact stated in response to any request is hereby represented as being true and correct, to the best of the Answering Defendants' present knowledge and recollection.

Whenever in any of the following responses reference is made to a prior response by way of the statement, "See response to request number (blank)," said prior response is intended to be, and for all purposes shall be deemed and construed to be, incorporated into the response in which such statement appears, as if fully set for the therein at length.

To the extent that the request purports to require disclosure of confidential attorney-client communications and/or privilege work product, the Answering Defendants object.  No waiver of said privileged is intended or should be implied from any of the responses to the requests.

The preliminary statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

The Answering Defendants hereby expressly reserve the right to object to the introduction into evidence, at trial or in any other proceeding, of any information or documents contained in or referred to in the following discovery responses on any ground, including, without limitation, relevance and materiality.

The Answering Defendants' responses to these demands are limited to information and documents not protected from disclosure pursuant to the attorney work product doctrine, the

attorney-client privilege, or any other privilege or immunity, and insofar as any request calls for the disclosure of any such information or documents, defendants objects to the demands on each such ground. The Answering Defendants further object to these demands to the extent that they call for the disclosure of materials prepared in anticipation of litigation.

The Answering Defendants' responses are also limited to information and documents which are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

The Answering Defendants further object to these demands to the extent that the individual requests are vague, ambiguous, overbroad, are not limited in time or scope, and contain terms that are not defined with reasonable particularity. The Answering Defendants' responses to these demands are based on their best understanding of the meanings of the request and are not to be construed as an admission of, or agreement with, any of the matters contained in the demands, except where expressly otherwise stated.

The Answering Defendants' responses to these demands are based upon information and documents presently in their possession and specifically known to it at this time. The Answering Defendants have not completed investigation and discovery in this action, or their preparation for trial. Although a diligent search has been conducted to locate information responsive to these demands, it is anticipated that further investigation, discovery, research and preparation may disclose further information, documents, and contentions pertaining to the subject matter of this action, and lend new meaning to information and documents already known to The Answering Defendants. These responses are therefore without prejudice to the Answering Defendants' right to rely upon any information, documents, or contentions at trial or in any other proceeding. The Answering Defendants hereby expressly reserve the right to alter or amend these responses to

reflect any such information, documents, or contentions, although it undertakes no obligation to do so.

The Answering Defendants further object to these demands to the extent that the individual requests seek information or documents which contain trade secrets and/or other proprietary, confidential research, development and commercial information of defendants. Production of such documents must be subject to a Protective Order.

The Answering Defendants further object to these demands to the extent that the individual requests seek information or documents regarding complaints or claims involving allegations of a nature different than those involved in this action, on the grounds that such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Answering Defendants' responses will be limited accordingly.

The Answering Defendants further object to these demands to the extent that the individual requests seek information or documents subsequent to the date of the alleged occurrence on the grounds that such information and documents are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Answering Defendants' responses will be limited accordingly.

These requests make no attempt to specifically describe each individual item or reasonably particularizing each category of item. Plaintiff has not established in discovery that the requested items exist or are in the possession and control of the Answering Defendants.

These requests constitute undue burden, activity, expense and annoyance constituting harassment and oppression as to writing, subject matter and time. There are inadequate and confusing definitions and directions.

These requests are not calculated to lead to the discovery of admissible evidence.  The burden, expense and intrusiveness of these requests, and the business privacy interests of the Answering Defendants, outweigh the likelihood that the information sought will lead to admissible evidence.

<u>These Amended Responses are prepared in accordance with Hon. Hugh B. Scott's Order filed December 12, 2019.</u>

Subject to the foregoing objections and conditions, which are incorporated into each of the following responses by this reference, the Answering Defendants specifically respond upon information and belief to these demands as follows:

**RESPONSES**

**INTERROGATORY NO. 1:**  With respect to the Plaintiff, state:

        a.      The date or dates on which Plaintiff applied for employment with Defendants;

        b.      Each job classification for which Plaintiff applied or for which Plaintiff was considered during her entire employment with Defendants;

        c.      Each job classification which Plaintiff held during the course of her employment with Defendants; and

        d.      Describe Plaintiffs job duties for each job classification during the course of her employment with Defendants.

**RESPONSE:**
**(a) In response to Interrogatory No. 1, in general, the Plaintiff applied for employment with Alden State Bank on May 21, 2008 for the position of Teller.  The plaintiff remains an employee of Alden State Bank.**
**(b-d) Plaintiff applied for the position of Teller when she first provided an application.   During the course of her employment, she was promoted to Teller II, Head Teller II and Head Teller.  All positions held and job duties, etc. are set forth in the Response to Production of Documents, <u>Exhibit E</u> (<u>O000633-O000822</u>) which is the personnel file of the Plaintiff in possession of defendant, and <u>Exhibit L</u> (<u>O002119-O002325</u>) that provides the job descriptions as set forth in the Wage and Salary Administration Program binder produced with the Document Demand response.**

**INTERROGATORY NO. 2:**  Identify each individual who supervised Plaintiff during the course of her employment with Defendants and as to each individual state:

      a.      Name and title;

      b.      Dates of supervision;

      c.      Sex;

      d.      Address and telephone number;

      e.      Identify each evaluation, oral and written, made by such supervisors concerning Plaintiff's performance as an employee;

      f.      Whether he/she had any complaints about Plaintiffs performance; and

      g.  `   Describe each and every complaint and include, but do not limit the description to, whether each complaint was oral or in writing and whether Plaintiff was disciplined as a result of said complaint.

**RESPONSE:**   **All supervisors and evaluations are set forth in the personnel file, attached as <u>Exhibit E</u> (O000633-O000822) to the Request for Production of Documents. Regarding the names of the supervisors, as noted in the personnel file, please be advised as follows:**

**Plaintiff's supervisor from date of hire to March 2, 2014 – Sylvia Sweet (female/retired)**
**Plaintiff's supervisor from March 3, 2014 to December 31, 2014 – Patricia Aldridge**
**Plaintiff's supervisor from January 1, 2015 to present – Colleen M. Pautler**

**Amendment:  Patricia Aldridge and Colleen Pautler remain employed with Alden State Bank located at 13216 Broadway, Alden, New York, (716) 937-3381.**

**INTERROGATORY NO. 3:**  State whether Defendants have ever received a complaint of sex discrimination, pregnancy discrimination, age discrimination, disability discrimination, FMLA discrimination, NYS Paid Family Leave discrimination, harassment, hostile work environment, and/or retaliation with respect to any employee in Defendants' employment, from the period of January 1, 1995 to the conclusion of this action. If your answer to this interrogatory is in the affirmative, please state:

      a.      The name, address, job title, sex, date of birth, and disability, if any, of each employee who made such a complaint;

      b.      The date of such complaint;

     c.     A description of the discrimination, harassment, hostile environment and/or retaliation alleged;

     d.     Whether anyone, including, but not limited to any of the Defendants' management officials or any outside consultant, made any inquiry or investigation into said complaint, and if so, identify all persons who made or assisted in such inquiry or investigation and identify all documents referring or relating to such inquiry or investigations;

     e.     The results of said investigations; and

     f.     The discipline, if any, imposed as a result of each investigation.

**RESPONSE:   The defendants object to responding to Interrogatory No. 3 as it seeks information for a 23 year period and therefore is unduly burdensome, harassing, overreaching and seeks information not relevant to the issues at hand.**

**However, without waiving said objection, the Defendants state that complaints of harassment were received by Ashley Osucha, the plaintiff herein.  Details of her claim have been provided in the EEOC Position Statement, attached as <u>Exhibit J (O001722-O001870)</u> to the Response to Request for Production of Documents.**

**<u>Supplemental Information:  Investigation of said Complaint was conducted by Hodgson Russ.   The documents regarding the investigation received from Hodgson have been produced as Bates Stamped O003682-O003687 and O004334-O004650.</u>**

**Last, upon information and belief, during the year 2004, there was an allegation of sexual harassment made by Julie Osucha against an auditor employed by the Bank. As a result of the investigation, the auditor was terminated.  Records involving any investigation were not located.  It was the responsibility of Carolyn Sue Aldinger to maintain said records during the course of her employment and it is the understanding that Ms. Aldinger failed to keep records and this failure was discovered when Defendants searched its personnel files to comply with Plaintiff's interrogatories**

**INTERROGATORY NO. 4:**  With respect to Plaintiff and each of the individuals listed in Request Number "1" of Plaintiff's First Request for Production of Documents state the following:

     a.     Identify the date he/she was hired;

     b.     His/her gender;

     c.     His/her date of birth;

     d.     Identify the position for which he/she was hired;

e.     Set forth his/her qualifications for the respective position for which the individual was hired;

f.     Identify his/her direct supervisor during his/her employment with Defendants;

g.     Identify the individual responsible for hiring said individual on behalf of Defendants;

h.     Describe his/her employment history with Defendants and state his/her present job title, location and the nature of his/her responsibilities;

i.     If he/she has ever been suspended, demoted, disciplined and/or terminated involuntarily by the Defendants (or any of its affiliates), specify the dates and reasons for such actions;

j.     Identify the date his or her employment with Defendants ceased if applicable;

k.     Whether he/she applied or was considered for any promotion or transfer within the company and if so, whether he/she was accepted to the position and if not, the reasons why he/she was denied; and

l.     Identify his/her annual W2, 1099 or any other kind of reported income from Defendants, the amount each individual received in salary, his/her hourly rate, the amount received in: (1) overtime,(2) bonuses, (3) pension, (4) 401(k), (5) "special bonus", and/or (6) special 'pension' from January 1, 1976 to the conclusion of this action.

**RESPONSE:   The defendants refer plaintiff to Interrogatory Number 1 above for information on the plaintiff.   Regarding the remainder of the individuals, and pursuant to Judge Scott's Order filed December 12, 2019, please see the following personnel files for the information requested that contain all the information requested:**

| | |
|---|---|
| **Personnel file Steven Woodard** | **O000001-O000112** |
| **Personnel file John Koelbl** | **O000113-O000250** |
| **Personnel file Hilde Neubauer** | **O000251-O000335** |
| **Personnel file Carolyn Sue Aldinger** | **O000336-O000632** |
| **Personnel file Ashley Osucha** | **O000633-O000822** |
| **Personnel file Richard Koelbl** | **O000823-O000954** |
| **Personnel file of Jamie Hey** | **O003692- O003982** |
| **Personnel File of Kaitlyn Chadbourne** | **O003983-O004120** |
| **Personnel File of Julie Osucha** | **O004121-O004333** |

INTERROGATORY NO. 5:  Describe with particularity all programs, plans and policies of the Defendants which are designed to prevent, minimize the risk of, or remedy discrimination, hostile work environment, and/or retaliation at any of the Defendants' locations, and identify all persons who have formulated, implemented and evaluated such programs, plans and policies.

**RESPONSE:  The information requested in Interrogatory Number 5 is contained in the Employee Handbook, Affirmative Action Plan and Management Trainee Program (if applicable to an employee) – See Exhibit H (O001488-O001552) to the Response to Request for Production of Documents.**
        **In addition, all employees are provided the Code of Conduct, information on security, Fair Lending and Non-discrimination policy and procedures, Family and Medical Leave Act Policy, Internet Access and Acceptable Use Policy, Social Networking Policy, Whistleblower Policy, Witness & Victims of Crime Leave Policy and Anti-harassment Policy and Complaint Procedure. Acknowledgements of the receipt of the policies have been attached as Exhibit I (O001553-O01721) to the Request for Production of Documents.**

**AMENDMENT:  Employee handbooks for the years 2014 to 2018, together with additional On-line training records have been produced. See attached Index, labeled Exhibit A, herewith as to all policies and procedures produced and responsive to this interrogatory.**

**Buffalo Law Firm Hodgson Russ also provided training to assist with implementing the programs referred to in Interrogatory number 5. See:**
                **PowerPoint presentation presented by**
                **Hodgson Russ on Discrimination,**
                **Harassment, and Retention in the**
                **Workplace as Created for Alden State**
                **Bank  - Bates Stamped O002993-O003019**

INTERROGATORY NO. 6:  Set forth the criteria and/or rationale for the decision for each of Plaintiff's pay raises for the period of January 1, 2008 continuing through the conclusion of this action and set forth:

        a.      The identities of all individuals who participated in that decision;

        b.      The identity of any documents created with respect to that decision;

        c.      The identity of any documents utilized with regard to that decision; and

        d.      The date when the decision was made.

**RESPONSE:      The plaintiff was not employed on January 1, 2008.  Her first date of employment was May 21, 2008.   The plaintiff's pay was determined by the pay scale utilized by Defendant Alden State Bank (see Exhibit L- O002119-O002325) as well as the performance notations rendered on behalf of plaintiff (see personnel file, Exhibit E -**

**O000633-O000822).  Plaintiff's pay started at $8.50 per hour and increased to $17.97 per hour at present.  Plaintiff had been promoted to Head Teller on December 26, 2016 and remains in that position at present.**

      **INTERROGATORY NO. 7:**  Set forth the names, home and business telephone numbers and addresses of each and every witness:

          a.      To the incidents and/or allegations which are alleged in the Complaint;

          b.      To any admissions by any party;

          c.      To any other element reflecting on liability;

          d.      Who has or may have discoverable information relevant to the facts Defendants have disputed in the pleadings and identify the subjects of the information as required by FED. R. Civ. P. 26 (a)(1)(A);

          e.      State whether said witness is employed by Defendants; and

          f.      State whether said witness is being represented by Defendants' counsel.

    **RESPONSE:**    **Plaintiff Carolyn Sue Aldinger**
                            **Chairman of the Board Richard Koelbl**
                            **Bank Vice President and Chief Lending Officer John Koelbl**
                            **Bank President and Chief Executive Officer Steven Woodard**
                            **Bank Compliance Officer Hilde Neubauer**
                            **Bank Assistant Vice President Colleen Pautler**
                            **Bank Assistant Branch Manager Tracy McMaster**
                            **Bank Employee Julie Osucha**
                            **Bank Employee Robin Maeir**

**The above-named employees remain employed with Alden State Bank located at 13216 Broadway, Alden, New York, (716) 937-3381.**

                            **Former Bank Employee Sylvia Sweet**
                            **Former Bank Employee Kaitlyn Chadbourne**

**The Defendants state that all present employees will be represented by Defendants' counsel for purposes of submitting to depositions and/or being subjected to discovery.  Said witnesses shall not be contacted by Plaintiff's counsel without the express permission of Defendants' counsel.**

**INTERROGATORY NO. 8:**  Set forth any and all policies of Defendants, whether in writing or not, pertaining to:

      a.      Hiring;

      b.      Job descriptions;

      c.      Job qualifications;

      d.      Job assignment;

      e.      Full time work;

      f.      Assignment of work to full time employees;

      g.      Appraisal, including but not limited to conducting real estate appraisals for Defendants' mortgage customers;

      h.      Training programs or skill acquisition opportunities;

      i.      Seniority;

      j.      Supervision;

      k.      Ethics;

      l.      Business conduct;

      m.      Conduct;

      n.      Employee relationships;

      o.      Fraternization/Anti-Fraternization;

      p.      Dress code; including permission for employees to wear jeans;

      q.      Lending, including but not limited to selection of employees able to approve loans and determination of authority to approve loans;

      r.      Senior officer authority for transactions (i.e. monetary, etc.);

      s.      Junior officer authority for transactions (i.e. monetary, etc.);

      t.      Monetary transactions requiring senior or junior officer authority;

u.    Discrimination, Harassment, Hostile Work Environment, and/or Retaliation, including but not limited to sex discrimination; pregnancy discrimination; disability discrimination; age discrimination; FMLA discrimination; and New York State Paid Family Leave Act discrimination;

v.    Complaints;

w.    Investigation of Complaints;

x.    Communications, including communication between management and employees and between and among employees and including use of personal communications hardware and text messaging;

y.    Computer records;

z.    Paper records;

aa.    Performance;

bb.    Evaluations;

cc.    Promotion;

dd.    Discipline;

ee.    Demotion;

ff.    Termination;

gg.    Leave of Absence (FMLA, Maternity Leave, Disability Leave, NYS Paid Family Leave, etc.);

hh.    Retirement;

ii.    Severance;

jj.    Employee gifts;

kk.    Compensation;

ll.    Bonus pay;

mm.    Raises;

nn.   Fringe benefits, including but not limited to: health insurance; health savings account; pre-tax insurance premium plan; dental insurance; optical insurance; life insurance; disability insurance; holidays; vacation time; personal time; sick time; pension; 401k; profit sharing; stock options; income tax preparation; cellphones; employee assistance program; free checking account; and continuing education;

oo.   Job site assignment;

pp.   Job assignment;

qq.   Job posting;

rr.   Hours of work;

ss.   Transfer of Jobs;

tt.   Overtime;

uu.   Record keeping;

vv.   Document retention;

ww.   Document destruction;

xx.   Technology;

yy.   Security video including but not limited to retention; archiving and destruction; and

zz.   Office gym usage.

**RESPONSE:**    **The Defendants object to Interrogatory Number 8 due to its length and due to the fact that it seeks information not relevant to the matter at hand, is unduly burdensome and is overreaching.  In addition, as noted previously, the Defendants will not respond to each subpart separately as the length of the interrogatories exceeds 25 written interrogatories, including all discrete subparts, as set forth in Rule 33 of the Federal Rules of Civil Procedures.   However, without waiving said objections, all policies and procedures that are relevant to the underlying harassment claim have been produced.  All acknowledgements of employees to the policies and procedures have been produced.   See Exhibits H, I, J, N and P attached to the Response to Request for Production of Documents.**

**- Plaintiff is referred to attached Exhibit A setting forth all Bates Stamped numbers of the corresponding documents providing the information.**

**INTERROGATORY NO. 9:**  Identify all persons who may be used at trial to present testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide a copy of all reports made by or under the supervision of such persons with respect to the claims which are defenses in this case and with respect to those persons, set forth the following:

        a.    The qualifications of each expert witness including, but not limited to, academic and employment background, publications, professional recognition, certifications and professional memberships;

        b.    Identify, by means of a reasonably detailed description, the subject matter on which each disclosed expert witness is expected to testify;

        c.    The facts and opinions to which each expert is expected to testify;

        d.    The grounds and basis for each expert's opinion, including, but not limited to, a statement of all learned treatises, documents, studies, experiments, tests, inspections, conversations, photographs, and other documents upon which he or she relies in reaching any such opinion;

        e.    The fee that the expert is expected to charge in this case and the basis for such fee or charge;

        f.    Whether the expert has previously testified on behalf of or been consulted by any attorney involved in this case and if so, state:

                i.    The name of each such attorney;

                ii.    An indemnification of each matter in which such testimony or consultation occurred, including, but not limited to, an identification of the parties, attorneys and jurisdiction, court and court case number for each testimony or consultation related to any lawsuit;

                iii.    The date of each such testimony or consultation; and

                iv.    The fee charged and the basis for said fee for each testimony or consultation.

**RESPONSE:**    **The information sought in Interrogatory Number 9 is in violation of the Case Management Order issued in this action.  Expert Disclosure will be made timely pursuant to the Case Management Order, Docket 21.**

**INTERROGATORY NO. 10:**  Describe each and every complaint regarding Plaintiff's job performance and include, but do not limit the description to, whether each complaint was oral or in writing and whether Plaintiff was disciplined as a result of said complaint.

**RESPONSE:**     Defendants object to this Interrogatory as the job performance of Plaintiff is not the subject of this litigation.   Plaintiff has performed well at her position and earned her promotion to Head Teller, as documented in her personnel file, <u>Exhibit E (O000633-O000822).</u>

**INTERROGATORY NO. 11:**  With regard to the Defendants' affirmative defenses, please state the factual basis for each of Defendants' Affirmative Defenses.

**RESPONSE:**   The Defendants set forth the following for the factual basis for each Affirmative Defense set forth in the Answer:

**First Defense** – With respect to the First Affirmative Defense, the Plaintiff's culpable conduct consisted of engaging in interactions with Defendants Richard Koelbl and/or John Koelbl without setting forth any complaints to management; continuing to interact with Defendants Richard Koelbl and/or John Koelbl on a daily basis; failing to report to management and/or Human Resources any complaints of gender harassment and/or sexual harassment; allowing the alleged conduct to continue for at least a four-year period as set forth in the Complaint; and continuing to interact with all employees at Defendant Alden State Bank, including Richard Koelbl and John Koelbl, without expressing any complaints of harassment.  Further acts of culpable conduct will be disclosed upon the completion of depositions in this action.

**Second Defense** – With respect to the Second Affirmative Defense, the Plaintiff Ashley Osucha assumed the risk of any injuries based upon her active participation in interactions with all bank employees, including Richard Koelbl and John Koelbl, without making any reports to management about her belief that she was being harassed, either sexually and/or based on her gender.  Further acts of assumption of the risk will be disclosed upon the completion of discovery.

**Third Defense** – With respect to the Third Affirmative Defense, the issue of attorneys' fees and costs is an issue to be addressed by the court should a judgment be entered in favor of the Plaintiff.

**Fourth Defense** – With respect to the Fourth Affirmative Defense, the Plaintiff's failure to state a cause of action is demonstrated by her failure to produce *prima facie* evidence of her claim.  This response will be supplemented and/or amended upon the completion of discovery herein.

**Fifth Defense** – With respect to the Fifth Affirmative Defense, should it be determined that other parties were engaged in similar conduct as alleged by the Plaintiff, the percentages of liability will be determined by either a trier of fact or a judge upon the conclusion of discovery and trial.

**Sixth Defense** – With respect to the Sixth Affirmative Defense, if the proof at trial demonstrates that Plaintiff failed to follow or adhere to medical and/or psychological advice, or failed to follow through on treatment for damages she is alleged to have sustained and she failed to seek the appropriate and timely care and treatment, or that she failed to otherwise act or reduce or minimize her damages, then such acts and/or admissions on the part of the Plaintiff will constitute a failure to mitigate damages. By reason of any failure to mitigate damages demonstrated by the Plaintiff, any recovery that plaintiff may obtain must be reduced accordingly. In addition, any monetary damages Plaintiff is alleged to have sustained will also be subject to mitigation should it be determined that she failed to reduce her damages.

**Seventh Defense** – With respect to the Seventh Affirmative Defense, the Defendants believe that the Plaintiff was an active participant in any interactions with the Defendants and therefore is not entitled to seek any recovery. It is believed that her communications with Richard Koelbl and/or John Koelbl were of a business nature and did not constitute any harassing conduct. With respect to any interactions involving John Koelbl outside of work, it is the Defendants' belief that she was an active participant in any discussions she had made with Mr. Koelbl outside of work and these discussions did not rise to the level of harassment.

**Eighth Defense** – With respect to the Eighth Affirmative Defense, it speaks for itself. The Defendants maintain that the facts, as will be determined by a trier of fact, do not rise to the level of punitive damages and any claim for punitive damages must be dismissed.

**Ninth Defense** – With respect to the Ninth Affirmative Defense, if the proof at trial demonstrates that the Plaintiff failed to establish that she was discriminated against based on sex and/or gender, there will be no legal basis to pursue a claim under Title VII of the Civil Rights Act of 1964. Based upon the facts known to the Defendants, it is the position of the Defendants that there is no evidence of any sex and/or gender harassment or discrimination. The Plaintiff Ashley Osucha remains employed with Defendant Alden State Bank, and there has been no evidence of any sexual harassment engaged in by Defendant John Koelbl.

**Tenth Defense** – With respect to the Tenth Affirmative Defense, the Ellerth/Faragher provides that an employer is not vicariously liable for any claims of sexual harassment if the employer exercised reasonable care to prevent and promptly correct any sexual harassing behavior, and the employee unreasonably failed to take advantage of any preventative or corrective opportunity. In this matter, it is believed that the facts will demonstrate that Alden State Bank had the appropriate policies in place to prevent any sexual harassment from occurring in the workplace, and that Plaintiff Ashley Osucha failed to bring to management's attention any belief that she was being sexually harassed when it allegedly started in 2011. At the time management learned of any claim, appropriate steps were taken, preventative action was instituted and Plaintiff Ashley Osucha remains a valued employee at Alden State Bank.

Eleventh Defense – With respect to the Eleventh Affirmative Defense, it is the position of the Defendants that the alleged conduct claimed to have been offensive, sexually charged, suggestive and/or retaliatory did not exist and did not take place as alleged by the Plaintiff. Any and all actions engaged in between the Plaintiff and Defendants Richard Koelbl, John Koelbl and/or any other employees of Defendant Alden State Bank were business related and did not exceed the scope of duties of each acting party.

Twelfth Defense – With respect to the Twelfth Affirmative Defense, the Defendants refer the Plaintiff to the response to the Ninth Affirmative Defense, above.

Thirteenth Defense – With respect to the Thirteenth Affirmative Defense, it is alleged that if any conduct did take place as alleged by the Plaintiff, which conduct is denied, the Plaintiff was an active participant and therefore cannot raise the allegations set forth in her Complaint.

Fourteenth Defense – With respect to the Fourteenth Affirmative Defense, the Plaintiff is alleging that the conduct commenced in 2011 but she failed to bring any notification to her employer of the alleged harassment she claims existed.

Fifteenth Defense – With respect to the Fifteenth Affirmative Defense, see the response to the Fourteenth Defense above wherein the Plaintiff is alleging that the conduct commenced in the year 2011.

Sixteenth Defense – With respect to the Sixteenth Affirmative Defense, this defense does not require a response. Upon the conclusion of discovery, the Defendants reserve the right to amend their Answer to amend any further affirmative defenses that may be revealed during the course of discovery.

Seventeenth Defense – With respect to the Seventeenth Affirmative Defense, the Defendants maintain that the Plaintiff failed to raise any timely complaint of harassment, retaliation and/or discrimination, she continued to work and continues to work for Defendant Alden State Bank, has worked her way up to Head Teller and remains a valuable employee of Defendant Alden State Bank.

Eighteenth Defense – With respect to the Eighteenth Affirmative Defense, it is the position of the Defendants that they conduct their business in a professional and businesslike atmosphere, they follow all protocols and procedures and do not allow any discriminatory and/or harassing behavior to take place during the course of a workday. The Defendants maintain that there is no legal basis for Plaintiff's Complaint herein and that any interactions between Plaintiff and Defendants and/or its employees were all taken in good faith and without malice.

Nineteenth Defense – With respect to the Nineteenth Affirmative Defense, it speaks for itself. If Plaintiff received any payment for any claims of lost wages or medical bills incurred as a result of any alleged psychological treatment she may have received, the payments are considered collateral sources and the Court should reduce any verdict the

Plaintiff may receive for compensation of said damages.  The Defendants are entitled to have the Court consider same in determining said damages.

Twentieth Defense – With respect to the Twentieth Affirmative Defense, see the response to the Eighteenth Affirmative Defense above.

Twenty-First Defense – With respect to the Twenty-First Affirmative Defense, the Plaintiff failed to report conduct that she allegedly incurred starting in 2011 and accordingly, her claims are barred by the statute of limitations.  In addition, it is believed that the Plaintiff failed to notify management at the appropriate time of the alleged unlawful conduct and therefore failed to allow Defendant Alden State Bank and its management to  investigate and address her complaints in a timely manner.

**INTERROGATORY NO. 12:**  Identify each person who was consulted or who assisted in the preparation of the answers to these interrogatories.

**RESPONSE:**    Julie P. Apter, Esq., counsel for Alden State Bank; Hilde Neubauer, Compliance Officer; Steven Woodard, President and Chief Executive Officer; Richard Koelbl, Chairman of the Board; and John Koelbl, Vice President and Chief Lending Officer.

DATED:        Buffalo, New York
              March 20, 2020

                                          Julie P. Apter, Esq.
                                          GOLDBERG SEGALLA LLP
                                          *Attorneys for Defendants*
                                          665 Main Street
                                          Buffalo, New York  14203
                                          (716) 566-5400
                                          japter@goldbergsegalla.com

TO:       Josephine A. Greco, Esq.
          GRECO TRAPP, PLLC
          *Attorneys for Plaintiff*
          1700 Rand Building
          14 Lafayette Square
          Buffalo, New York  14203
          (716) 856-5800
          jgreco@grecolawyers.com

25901639.v1

# VERIFICATION

STATE OF NEW YORK   )
                    )   SS.:
COUNTY OF ERIE      )

John Koelbl, being duly sworn, deposes and says that he is a Defendant named in
the within entitled action; that he has read the foregoing SECOND AMENDED
INTERROGATORIES and knows the contents thereof and that the same are true to
his/her own knowledge, except as to the matters therein stated to be alleged upon
information and belief, and to those matters, he believes them to be true.

_____
(Signature)

John S. Koelbl
_____
(Print Name)

Subscribed and sworn to before me

this 20ᵗʰ day of March, 2020

_____
Notary Public

TINA L. NUWER
No. 01NU6044297
Notary Public, State of New York
Qualified in Genesee County
My Commission Expires 07/03/20 22

25902827.v1