UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

ASHLEY OSUCHA,

                         Plaintiff,

vs.                                      Civil Action No. 1:17-CV-01026-LJV-HBS

ALDEN STATE BANK,
RICHARD D. KOELBL,
JOHN KOELBL,

                          Defendants.

———————————————————

---

**MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S ORDER,
DATED DECEMBER 12, 2019 (DKT. 42)**

---

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendants*
Julie P. Apter, Esq.
Sarah M. Washington, Esq.
665 Main Street
Buffalo, New York 14203
(716) 566-5400
japter@goldbergsegalla.com
swashington@goldbergsegalla.com

## PRELIMINARY STATEMENT

Defendants, Alden State Bank, Richard Koelbl, and John Koelbl, submit this Memorandum of Law in opposition to Plaintiff's Motion to Compel the Defendants to comply with this Court's prior order, dated December 12, 2019 (Dkt. 42). Defendants have complied with this Court's prior order, and the motion to compel is nothing more than another attempt to delay proceeding with depositions and seek documents that do not exist. In good faith, Defendants have produced 5,406 pages of responsive material in response to Plaintiff's First Request for Production of Documents. Since discovery has commenced in this matter, Defendants have made every effort to comply with the requests for what they deem to be responsive and discoverable. After this Court's order, dated December 12, 2009, Defendants fully complied with the Order based on what records could be located. Defendants produced an additional 1,725 pages of additional documents. Additionally, Defendants supplemented their Interrogatory responses not once, but twice, in order to ensure full compliance with this Court's order. This Court should deny Plaintiff's Motion to Compel because Defendants have fully complied with this Court's prior order, dated December 12, 2019 (Dkt.42). Additionally, plaintiff's request for an award of attorney's fees is unwarranted. This Court should find that Defendants have disclosed all responsive documents in their possession that they are required to disclose to Plaintiff, and the matter is now ready to proceed with depositions.

## BACKGROUND

Plaintiff, Ashley Osucha (hereinafter "plaintiff"), brought this action against Defendants, (collectively hereinafter "Defendants") alleging violations of Title VII and the New York State Humans Right Law.

On or about December 12, 2019, this Court entered an order granting in part and denying in part Plaintiff's motion to compel. *See* Dkt. 42. In order to comply with this Court's order, on

January 13, 2020, Defendants served Defendants' Amended Responses to Plaintiff's Interrogatories and Defendants' Second Amended Responses to Demand for Production. *See* **Exhibit A** and **Exhibit B** to the Affidavit of Julie Apter, dated March 20, 2020 (hereinafter "Apter Aff."). On January 13, 2020, defense counsel also sent an email to Plaintiff's counsel, which contained a Sharefile link with the additional document disclosure. *See* **Exhibit C** to Apter Aff. On March 20, 2020, Defendants further amended their responses to Plaintiff's First Set of Interrogatories to provide a response to Interrogatory Number 11, which requested that Defendants set the factual basis for each of Defendants' Affirmative Defenses. *See* **Exhibit D** to Apter Aff.

## ARGUMENT

### I.   LEGAL STANDARD

"Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention." *Gagliardi v. Aghihtori*, No. 12 CV706A, 2013 WL 359929, *1 (W.D.N.Y. Jan. 29, 2013) (citing 8A Charles A. Weight, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994)). "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

II.   **THIS COURT SHOULD REIN IN THE EXTRAORDINARILY IMPROPER FISHING EXPEDITION PLAINTIFF'S UNCHECKED DISCOVERY SCOPE HAS BECOME**

Discovery cannot be a mere fishing expedition.  In order for this case to ever progress beyond the written discovery phase and to depositions, this court should rein in the extraordinarily improper fishing expedition Plaintiff's unchecked discovery scope has become. *See Evans v. Calise*, 1994 WL 185696, *1 (S.D.N.Y. May 12, 1994) (holding that "[t]he party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition"); *see also United States v. Consolidated Edison Co. of New York*, 1988 WL 138275, *1-*2 (E.D.N.Y. Dec. 15, 1988) (denying motion to compel where the requested discovery constituted no more than a fishing expedition by the plaintiff to discover additional violations beyond those alleged in the complaint).  Moreover, discovery requests cannot be made based on pure speculation or conjecture. *Surles v. Air France*, 2001 WL 815522, *4 (S.D.N.Y. July 19, 2001).

In the context of employment discrimination cases, courts do indeed favor liberal civil discovery rules, giving plaintiffs broad access to employers' records in an effort to document their claims. *See Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989).  Nevertheless, in such cases, the Court must still perform the balancing analysis directed by Rule 26, measuring the plaintiff's need for the requested materials against the burden that production would impose. *See Barella v. Village of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013).  Moreover, such information sought, must be relevant and information is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *Pothen v. Stoney Brook University*, 2017 WL 3995573, *2 (E.D.N.Y. Sept.

8, 2017) (original citations omitted). Further, "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." *Evans*, 1994 WL 185696, *1.

For months, Alden State Bank has repeatedly made a good faith averment that some of the items sought simply do not exist, or are not in the bank's possession, custody, or control and that should resolve the issue of failure of production since the bank cannot be required to produce the impossible. *See, e.g., In re Dunne*, No. 3:17-CV-1399(MPS), 2018 WL 46554698, *4 (D. Conn. Sept. 27, 2018); *see also Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016). In good faith, Alden State Bank has disclosed 5,406 pages of documents to plaintiff, which encompasses everything in the bank's possession, custody, or control. Given Alden State Bank's voluminous disclosure of over 5,406 pages as opposed to plaintiff's mere 265 pages of disclosure, this Court should find that Alden State Bank has engaged in the discovery process in good faith and the Court should have no reason to doubt Alden State Bank's representation that it has produced everything in its' possession, custody, and control to plaintiff. *See, e.g., Gambino v. Payne*, No. 1-CV-824-LJV-MJR, 2016 WL 5844299, *4 (W.D.N.Y. Oct. 6, 2016) (denying plaintiff's request to compel further discovery where defendants stated they had produced everything in their possession and the Court had no reason to doubt defendants' representation). This Court should also note that without taking into consideration the volume of documents disclosed, Alden State Bank had produced to counsel an affidavit verifying that all documents in existence have been produced, and there is nothing further to be produced as no other documents can be located.

Defendants have diligently and in good faith produced everything they have been able to locate that is responsive to Plaintiff's requests, and as such, this Court should not allow Plaintiff

5

to delay any longer, so that the case may proceed beyond the written discovery phase and to depositions.

### A. Defendants Have Produced All Documents in Their Possession Related to Their Investigation Into Allegations of Sexual Harassment

Plaintiff alleges that "Defendants continue to fail to produce documents related to their investigation into allegations of sexual harassment made against Richard Koelbl and John Koelbl." *See* Plaintiff Memorandum of Law, dated February 26, 2020 (hereinafter "Plaintiff Mem. of Law") (Dkt. 45-9) at 3. Despite plaintiff's allegation, Defendants included in their supplemental production, dated January 13, 2020, the complete Hodgson Russ file in existence and as Ordered by the Court. Additionally, Defendants disclosed Hodgson Russ's file in *Aldinger v. Alden State Bank*, Case Number: 1:17-cv-01024-GWC, which is a separate matter that the bank is defending. The purpose was to provide all investigative material to Plaintiff that bore her name in the file. Defendants have produced everything that Hodgson Russ has produced to them in regards to the investigation of sexual harassment including notes regarding the Osucha matter and the Aldinger matter, which encompassed 25 pages. Plaintiff takes issue with the amount of pages produced from Hodgson Russ's investigation, however that is what was produced and provided to defense counsel by Hodgson Russ. This Court ordered that Defendants were to produce the Hodgson Russ investigation materials and Defendants have complied and done just that. Hodgson Russ has advised counsel that they do not have any further documents to produce. Simply put, Defendants cannot produce what they do not have. Importantly, nothing is being withheld on the basis of privilege. Everything that was provided by Hodgson Russ to defense counsel has been produced to Plaintiff's counsel.

Plaintiff further alleges that the pages "produced by Defendants do not contain any of the documents specifically identified by Plaintiff as created in her presence during Defendants'

investigation or any of the documents identified by another Alden State Bank employee, Carolyn Sue Aldinger, as either created by her or in her presence in the context of Defendants' investigation." *See* Plaintiff Mem. of Law at 4. However, all of Plaintiff's "evidence" submitted on Plaintiff's motion to compel comes from Plaintiff, herself, and Carolyn Sue Aldinger, who is a plaintiff in another lawsuit that Alden State Bank is defending. Thus, this Court should not give any weight or credence to the self-serving affidavits of either Plaintiff or Carolyn Sue Aldinger. Plaintiff has not proffered to this Court any evidence aside from these self-serving affidavits that there are in fact more notes or summaries regarding Alden State Bank's investigation into allegations of sexual harassment. It seems that Plaintiff is making speculative allegations that she hopes to substantiate through a discovery fishing expedition. At best, Plaintiff's counsel is concluding and speculating that these notes or summaries do in fact exist. However, after diligent searches of Alden State Bank's records, no further documents were located.

As stated above, Defendants have produced everything that Hodgson Russ produced to them in both the *Osucha* matter and the *Aldinger* matter. Thus, there is nothing more for Defendants to produce. Importantly, Plaintiff's counsel will have the right to question bank officers and bank personnel during their depositions about the documents plaintiff "knows to exist". This Court ordered that the Hodgson Russ investigation files were to be produced, and Defendants have fully complied with this Court's directive.

## III. DEFENDANTS HAVE PRODUCED EVERYTHING IN THEIR POSSESSION WITH REGARD TO PLAINTIFF'S INTERROGATORIES AND HAVE ADEQUATELY RESPONDED TO PLAINTIFF'S INTERROGATORIES

Defendants have produced everything in their possession with regard to plaintiff's interrogatories and have adequately responded to Plaintiff's interrogatories as directed by this Court. Following this Court's order, dated December 12, 2019, Defendants served Plaintiff with

Defendant's Amended Responses to Plaintiff's Interrogatories, dated January 10, 2020. *See* **Exhibit B** to Apter Aff. On March 20, 2020, Defendants further amended their responses to Plaintiff's First Set of Interrogatories to provide a response to Interrogatory Number 11, which requested that Defendants set the factual basis for each of Defendants' Affirmative Defenses. *See* **Exhibit D** to Apter Aff. 24. Defendants have now provided Plaintiff with the factual basis for each of Defendants' Affirmative Defenses, and have fully complied with this Court's Order.

## IV. THIS COURT SHOULD FIND THAT PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FES ASSOCIATED WITH BRINGING THE INSTANT MOTION

An award of attorney's fees in favor of Plaintiff is not appropriate, as Defendants have fully complied with this Court's prior order, dated December 12, 2019, by producing all responsive documents in their possession and by serving amended interrogatory responses.

Plaintiff argues in her memorandum of law that based on Defendant's non-compliance with the Court's prior order Plaintiff is entitled to recover from Defendants attorneys' fees associated with bringing the instant motion pursuant to Rule 37(b)(2)(C) . *See* Plaintiff Mem. of Law at 12. However, Plaintiff's reliance on *Kandey Co., Inc. v. Barbera*, 2012 WL 3838179, *2 (W.D.N.Y. Sept. 4, 2012) (Scott, Mag. J.) is entirely misplaced. In *Kandey Co.*, the defendants had willfully refused to comply with multiple discovery orders of this Court. Additionally, the defendants repeatedly failed to respond to the plaintiff's Notice to Produce. In the instant matter, that is simply not the situation before this Court.

For reasons explained more fully *supra*, Defendants have indeed complied with this Court's prior order and there are no further documents in Defendants' possession that are responsive to Plaintiff's demands. Plaintiff contorts this fact, and chooses instead to state that Defendants have not complied with the Court's order when that is simply not the case. It would be unjust for this Court to award Plaintiff attorneys' fees given Defendants' substantial compliance

8

with this Court's prior order in which defendant produced over 1,725 pages of additional documents following the Court's order, which included outside counsel's file, personnel files, and W-2 statements from 2000 to 2019, and Defendants' representations that no further documents exist. Thus, this Court should find that Plaintiff is not entitled to attorneys' fees as Defendants have not failed to comply with this Court's order, dated December 12, 2019.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that upon good cause, this Court should deny Plaintiff's Motion to Compel as Defendants have fully complied with this Court's prior order, dated December 12, 2019 (Dkt.42), and as such, this Court should deny an award of attorney's fees, together with whatever other relief this Court deems just and proper.

DATED:     Buffalo, New York
           March 23, 2020


                              *s/ Julie P. Apter* _____
                              Julie P. Apter, Esq.
                              Sarah M. Washington, Esq.
                              GOLDBERG SEGALLA LLP
                              *Attorneys for Defendants*
                              665 Main Street
                              Buffalo, New York 14203
                              (716) 566-5400
                              japter@goldbergsegalla.com
                              swashington@goldbergsegalla.com

9